*I. L. Oakes* and *Louis E. Wisdom*, for defendants.

---

GARTRELL, trustee, *et al. v.* MCCRAVEY *et al.*

PER CURIAM. 1. Where an owner of lands dedicates the same to public use, either expressly or by his acts, and the public enters into possession and uses such land in pursuance thereof for such a length of time that the public accommodation or private rights may be materially affected by an interruption of the enjoyment thereof, the dedicator can not afterwards appropriate such land, to private use. Civil Code (1910), § 4171.

2. Accordingly, where in pursuance of a· movement by the citizens of a school district, to secure land upon which to erect a schoolhouse for the benefit of the citizens of the district, certain owners of land situated within the district consented to and did give the people of the district one acre of land off the east side of a certain lot in the district, upon condition that the people of the district would erect a public-school building thereon, and 'that then the possession of the schoolhouse and land should be delivered to and become the property of the county board of education, and the real estate should remain such as long as it was used for the purpose of educating the children of the district under the supervision of the public-school authorities of the district and county, and the dedicators agreed to execute a deed to the land within a reasonable time; and where, after the acre of land was so given and donated for such purpose, the people of the school district, acting on the agreement of the dedicators, did erect upon the land dedicated a public-school building at a cost of three hundred dollars, and after it was erected it was taken in charge by the public-school authorities of the district and county, and a public-school was taught in such school building in the year 1908 and subsequently until the filing of the present suit (March 17, 1913); and where, at the time the site for the school building was located, one of the dedicators laid off with a tape-line the acre of land upon which the school house was erected, and which is described in the petition more particu-

larly as "beginning at a certain pine sapling at a point southwest from said schoolhouse, and runs 208 feet north, ten and one half degrees west, to a certain persimmon stake, thence 208 feet east, three degrees north, to a certain persimmon stake, thence 208 feet south, ten and one half degrees east, to a certain persimmon stake, and thence 208 feet west, three degrees north, to the beginning point, the same containing 43,264 square feet, and lying and being in the northeast corner of said lot of land No. 114 in the 12th dist. and 2nd section of said county of Pickens, said State;" and where it was alleged, in a petition brought by the trustees of the school district and the county board of education, to compel specific performance of the agreement to make a deed to the land, and for injunction, that since the dedication of the land and the erection of the schoolhouse thereon the dedicators had failed and refused to make the county board of education a deed to the land, although requested so to do, and that in the year 1912 one of the dedicators removed a certain gate across one of the roads leading to the schoolhouse and put in lieu thereof a wire fence, and locked another gate located upon a road leading to the school building, thus obstructing the school children and school authorities from the use of the schoolhouse, and refused to remove the obstructions although requested to do so, and had in addition gone upon the acre of land and cut without authority several cords of wood, thus detracting from the appearance of the property and depriving the children of the necessary shade-trees thereon; and it was prayed that the dedicators be required to execute a deed to the acre of land in compliance with the agreement under which the land was donated for public purposes, as above set out, and be restrained from obstructing the free use of the school building and the real estate on which it is located, and from cutting and removing timber therefrom, and from interfering with the possession, control, and preservation of the public-school property, it was error to sustain a demurrer on the ground that the petition set out no cause of action; nor is there merit in the grounds of demurrer that the land was not described with sufficient certainty to compel specific performance, nor in the ground that the petition did not allege that the agreement was in writing, and did not contain sufficient allegations to take the agreement out of the statute of frauds. See *Mayor &c. of Macon* v. *Franklin*, 12 *Ga.* 239 (2); *Ellis* v. *Hazlehurst*, 138 *Ga.* 181 (75 S. E. 99). The other grounds of general demurrer are without merit.                    *Judgment reversed. All the Justices concur.*
                    FEBRUARY 18, 1916.

Equitable petition. Before Judge Patterson. Pickens superior court. September 29, 1914.

*William Butt, Isaac Grant,* and *George F. Gober,* for plaintiffs. *Charles H. Griffin,* for defendants.