### HUTCHINSON *et al. v.* CLARK *et al.*

HILL, J. 1. Dedication is the setting apart of land for the public use. 1 Elliott on Roads and Streets, § 122.

2. Where dedication of land by a donor to a city for the purpose of a public street is in issue, the evidence must show not only that the owner gave but that the public accepted the land, before there can be a dedication. *Ga. R. &c. Co.* v. *Atlanta,* 118 *Ga.* 486 (45 S. E. 256). See *Johnson* v. *State,* 1 *Ga. App.* 195, 201 (58 S. E. 265), and cit.

(*a*) In every case of implied dedication it must appear that the property has been in the exclusive control of the public for a period long enough to raise a presumption of a gift. *Mayor &c. of Savannah* v. *Standard Fuel &c. Co.,* 140 *Ga.* 353 (78 S. E. 906, 48 L. R. A. (N. S.) 469); *Ga. R. & Banking Co.* v. *Atlanta,* supra; *City of Atlanta* v. *Ga. R. &c. Co.,* 148 *Ga.* 635 (98 S. E. 83). See McCorkle *v.* Charleston, 105 W. Va. 395 (142 S. E. 841); *Mayor &c. of Madison* v. *Booth,* 53 *Ga.* 609.

(*b*) The evidence in this case shows that the City of Forsyth never acquired title to the land used as a street, by dedication or otherwise, and that it is not a public street; but on the contrary it shows that the title to the land is in the defendants. The plaintiffs are not entitled to an injunction against the defendants' use of their private property.

3. There is no allegation in the petition of an easement over the land in question as a private way because of a prescription from seven years uninterrupted use of the same, and that question is not made.

4. Even if there were errors in the charge of the court, and error in omissions to charge, the plaintiffs in error were not hurt, for the reason that the evidence was not sufficient to show that the street was a public street.

5. The ground of the motion with reference to newly discovered evidence was abandoned and will not be considered.

6. Applying the foregoing rulings to the facts of this case, the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 6995. DECEMBER 11, 1929.

*A. M. Zellner,* for plaintiffs.    *W. M. Clark,* for defendants.