ROCKER *et al.* v. DeLOACH.

No. 9706. FEBRUARY 17, 1934.

*Kirkland & Kirkland* and *D. C. Jones,* for plaintiffs in error.
*Fred T. Lanier,* contra.

RUSSELL, C. J. R. J. H. DeLoach brought a complaint against Mrs. Wyman Rocker and Mrs. Alex. Woods, seeking recovery of a tract of five and one third acres of land located partly in Bulloch County and partly in Candler County, basing his claim of title on two deeds. One deed was executed by Z. T. DeLoach to the plaintiff in 1924, and one was from R. W. DeLoach to Z. T. DeLoach, executed in 1876. The defendants answered, denying the plaintiff's claim of title, alleging that defendants and six named brothers and sisters, and their predecessors in title, had been in open, peaceable, adverse, and notorious possession of the land sued for, as part of a large tract owned by them, since January, 1877. On the trial the jury found for the plaintiff. A motion for new trial was overruled, and the defendants excepted.

The small intrinsic value of the land did not prevent a heroic contest in the court below, thus verifying the old adage of the lawyers as to land cases, that the less the land the bigger the fee, especially when a "principle" is involved. We shall deal first with the facts of the case, and later state the principles of law which in our opinion should control the judgment herein. Considering all the facts, it may as well be stated now, because it will become per-

fectly apparent later on, that this is a contest between two gum trees for precedence or primacy, and the result must depend upon which of the two fixes the true location of the line set forth in the deed under which the plaintiff claimed title. If one of these gum trees prevailed in the contest before the jury, the plaintiff was entitled to recover the land. If the other gum tree found favor with the jury, the plaintiff would have failed to prove his right of recovery, and the jury should have found for the defendant. As shown by the deed which was signed by both parties for the purpose of division of the tract of land owned by them in common, a line described therein is admitted to be a dividing line between them, all land lying north of the line to be the property of Z. T. DeLoach, and all land lying south of the line to be the property of his brother, R. W. DeLoach. No witness questions, or indeed can question, this statement, on account of the deed. So the case in its progress focused itself on one point—where was the dividing line mentioned in the deed located? Where was the gum tree, and what gum tree was it on the milldam that was the beginning point of the dividing line, as testified to by the witnesses? The jury had before it the testimony of one of the signers of the deed, Z. Taylor DeLoach, now 88 years of age, but whose testimony was clear and definite. He testified that the line described by the deed is run straight from where there is a bend in a branch, in an easterly direction in a straight line to a gum tree on the dam (which we have marked A on the accompanying plat); that this dividing line was distinctly agreed upon at the time of the execution of the deed; that at the time he sold the land to the plaintiff he pointed out the same line to him; that the plaintiff had the land surveyed by the county surveyor, Rushing; that the line run by Rushing, as shown by the plat set out below was examined by him; and that it correctly delineates the exact line agreed upon between himself and his brother, R. W. DeLoach.

The testimony of other witnesses in regard to this line, which we have marked X, was corroborative of that of Z. T. DeLoach. So we are of the opinion that the testimony in behalf of the plaintiff would have authorized the verdict. But the defendants (plaintiffs in error) contend that a verdict in favor of the defendants was demanded by the evidence. It would perhaps be unnecessary to refer to this contention, but for the assignments of error based on grounds

of the motion for new trial with respect to the charge of the court
to which we will later refer.   The defendants contended that the
dividing line between the parties to this case is what we have marked
Y on the accompanying plat.   It will be seen that this line runs
from another gum tree on the milldam, which we have marked B,
to a point on the same branch to which reference has been made.

It will also be noted, that at the point where this line intersects the branch there is no bend in the latter, as called for in the deed into Z. T. DeLoach, the father of the plaintiff, whereas the line marked X runs into this branch at a point thereon where a distinct bend is made, as stated in the deed. The testimony of witnesses for the defendants was to the effect that R. W. DeLoach had been in possession of the land in dispute for more than 20 years, some witnesses testifying to as much as 45 years, the testimony being to the effect that whatever use or occupation of the land in dispute was enjoyed by Z. T. DeLoach, the father of the plaintiff, had been permissive, and that Z. T. DeLoach had during this period always acquiesced in the dividing line which is marked on the plat as Y. The defendants also attempted to prove by some witnesses that according to general reputation in the neighborhood the line claimed by them (marked Y) was the true line referred to and set forth in the deed. We are of the opinion, from a review of this testimony, that the jury would have been authorized to find a verdict for the defendants. But they were not required to do so, and the verdict shows that in locating the preponderance of the evidence they gave preference to the testimony in behalf of the plaintiff.

In the first five special grounds of the motion for new trial the plaintiffs in error complain of excerpts from the charge of the court, on the ground, not that they are not correct statements of law in the abstract, but that the only issue involved in the case under the pleadings was title to the land in controversy. They complain that the court charged the jury on title by prescription, acquiescence by agreement in an agreed boundary between coterminous land-owners, and rules with relation to marks or monuments as showing established lines. The complaint is that these instructions were not authorized by the pleadings. In our view of the case the instructions given were warranted by the evidence and appropriate to it. It must be remembered that in Georgia replications have not been required for many years; and if, after the plaintiff had established a prima facie case, the defendants saw proper to introduce evidence tending to show title by prescription and adverse possession, acquiescence in an agreed boundary line, etc., we are of the opinion that it would have been the right of the plaintiff to introduce evidence to disprove the case presented by the defendants. A very able discussion of this subject may be seen in *Napier* v.

*Strong,* 19 *Ga. App.* 401 (91 S. E. 579), delivered by Judge Jenkins, which most aptly states the rule applicable where evidence is introduced without objection, even in advance of pleadings. The reason for the rule, of course, is that the plaintiff, if objection had been offered to the introduction of the testimony, would have had the right to amend his petition; whereas, by the attention of the court not having been called to the point, he would be deprived by his opponent of the right of amendment, and yet his opponent would be permitted to take advantage of his own wrong in not raising the point. However, aside from this rule, we are of the opinion that the nature of the original answer filed by the defendants in the case at bar was such that the court did not err in the instructions as to which complaints are made. In their answer the defendants not only deny the allegations of the petition to the effect that plaintiff claims title, and assert that they are entitled to possession by reason of a deed, but they further say that they have been in the possession, open, continuous, peaceable, adverse, and notorious, for more than fifty-five years, and upon that base title superior to that of plaintiff. The answer also pleads an agreement to a definite and certain boundary line, which they say has been acquiesced in by all for a like period of time. In the state of the pleadings, as well as having regard to the evidence, we are of the opinion that none of the objections to the charge of the court are meritorious, or would require the grant of a new trial.

In ground 9 of the motion for new trial the movants complain that the court sustained objections to a witness, Woods, being permitted to state what he understood about a brick mill being on the land in dispute. No comment was made by the judge, but he correctly sustained the objection, because the only question in the matter was what was the general reputation or understanding in the community. The exclusion of the testimony of Woods that he understood the brick mill was on the land in dispute could have done no harm, because it was not denied by any one that the brick mill was located on the land in dispute.

In ground 10 the complaint is that the court sustained an objection to the witness Woods stating a conversation he had with R. W. DeLoach, his father-in-law. The witness did not purport to say that he himself knew anything as to the matter then in question, and this made the alleged conversation mere hearsay, which was properly excluded.

In ground 11 it is alleged as error that the court sustained an objection to the witness John Screen relating a conversation he had with R. W. DeLoach. It suffices to say that the objection presented by this ground did not require the grant of a new trial, and would not authorize a reversal of the judgment, for the reason that while the court sustained the objection on direct examination of Screen, on cross-examination Screen was permitted to give the same testimony as was previously objected to, and same went to the jury.

In ground 12 movants complain that the court erred in sustaining an objection to testimony of the witness Rocker, as to who owned the land in dispute, and as to having leased it to Parrish and Hendrix, on the ground that it appeared that the leases were in writing, and that the writing was the highest and best evidence. However, the same evidence was permitted by the court and testified to by the witness Rocker when he was on redirect examination, the court holding at that time that evidence that the land had been leased by the predecessor in title of the defendant in error would be permitted; and in pursuance of this ruling the witness Rocker testified as follows: "I want to say further that this land is ours; that Woods and I leased it two years ago to Parrish & Hendrix. They never have taken possession of the land; the lessees, Parrish & Hendrix, did take possession. They turpentined it and worked it for two years. They worked it by permission of Mr. Alex. Woods and myself, acting as agents for our wives; and four years before that Bob DeLoach leased it to Hargraves." The evidence adduced on the final examination of Rocker was very much more full than that offered the first time, when the objection was sustained. The testimony we have just quoted was before the jury, who had the right to ascribe to it such weight as in their judgment it was entitled to when considered in connection with all the evidence. There is no merit in this ground.

In ground 13 the plaintiffs in error complain that the court failed to give in charge sections 4168 and 4169 of the Code. We are of the opinion that the charge as delivered sufficiently presented the principle which the plaintiffs in error here contend should have been given. If fuller instructions had been desired, the plaintiffs in error should have timely presented a proper request in writing therefor. What has just been stated is applicable to ground 14.

After considering all of the grounds of complaint presented as to

the court's rulings upon evidence we are of the opinion that they are without merit. The court did not err in overruling the motion for a new trial. *Judgment affirmed. All the Justices concur.*