## STEED *v.* REES.

No. 13688. APRIL 15, 1941.

*Clement E. Sutton* and *H. H. Hogan,* for plaintiff.
*L. C. Groves* and *Earle Norman,* for defendant.

GRICE, Justice. The plaintiff is asking that a court of equity dissolve a copartnership, and as a sequence that he have a recovery of his share of the assets, after an accounting is had. In effect, the answer avers that at the time of the filing of the suit there was no partnership, it having been dissolved some years previously. It was insisted by the plaintiff that there had never been any dissolution, but that what happened was that by the illegal acts of his partner he had been excluded from any share in the partnership assets. The defendant did not plead dissolution by mutual consent, and the plaintiff complains that the judge charged the jury that if they believed that under the evidence, facts, and circumstances of the case there was a dissolution by mutual consent in 1935, they should go no further, but render a verdict in favor of the defendant.

In 47 C. J. 1110, the text reads as follows: "No particular form of agreement is necessary to dissolve a partnership by consent, but dissolution may be evidenced by acts of all the partners showing their intention that the partnership between them shall cease, or by acts, participated in or assented to by all the partners, which are inconsistent with a continuation of the partnership between them. It is, however, necessary that the agreement of the partners, or their acts relied on as showing an agreement, should be such as clearly to evidence a meeting of the minds of all the partners that an actual dissolution should take place." Words are not the only means available to express an intent. Conduct may be just as expressive. Indeed, actions speak louder than words. *Smith* v. *Jones*, 185 *Ga.* 236, 241 (194 S. E. 556). In Kenney *v.* Porter, 109 N. Y. 526 (17 N. E. 426), the Court of Appeals of New York held that the fact that the firm had stopped making purchases was in itself most convincing evidence that the partnership theretofore existing had been dissolved. In Lindley on Partnership (9th ed.), 677, it is stated: "A dissolution of a partnership at will may be inferred from circumstances—e. g., a quarrel —although no notice to dissolve may have been given." It is laid down in the case of Bayer *v.* Bayer, 215 App. Div. 454 (214 N. Y. Supp. 322(6)), that intent of partner or mutual consent of partners to dissolve may be shown by conduct as well as words. In Middleton *v.* Newport, 6 Cal. 2d, 57 (56 Pac. 2d, 508), authorities are cited for the proposition that it is entirely possible that an abandonment or dissolution of a partnership may take place by

conduct inconsistent with its continuance, in spite of the fact that liquidation is not completed or that some appearances of partnership continue. In the statement of facts preceding this opinion we have not attempted to summarize all of the testimony pro and con relating to this issue, but only enough to show that in our opinion the circumstances and conduct of the parties were such as to justify the court in submitting to the jury the issue as to whether there had been a dissolution by mutual consent. We so hold.

■ But it is insisted that it was error so to charge, for that it was not pleaded that there had been a dissolution by mutual consent, the plea being that a dissolution had occurred because Steed had abandoned the partnership. The answer to this contention is that the testimony as to these facts and circumstances was not objected to on the ground that there was no pleading to justify it. Had there been, the defendant could have so amended as to make it admissible; and in such a case the evidence will be looked to, not only in order to ascertain whether or not the verdict is supported by the evidence, but to determine whether the charge complained of was erroneous. The rule in such case is that although the allegations of a petition or answer may not warrant the introduction of certain evidence to establish a claim on the part of the plaintiff, or a defense of the defendant, yet if it be introduced without objection, and relate to the same cause of action, it is not improper for the court to charge the jury as to its legal effect. *Georgia Railroad* v. *Lawrence,* 74 *Ga.* 534. See *Ocean Steamship Co.* v. *Williams,* 69 *Ga.* 251; *Savannah, Florida & Western Railway* v. *Barber,* 71 *Ga.* 644; *Central Railroad & Banking Co.* v. *Attaway,* 90 *Ga.* 656 (16 S. E. 956); *Rocker* v. *DeLoach,* 178 *Ga.* 480 (173 S. E. 709); *Gainesville & Northwestern Railroad Co.* v. *Galloway,* 17 *Ga. App.* 702 (87 S. E. 1093); *Napier* v. *Strong,* 19 *Ga. App.* 401 (91 S. E. 579). As pointed out by Judge Jenkins in the case last cited, the reason for the rule is, that had objection been made, the party tendering such evidence might have amended his pleadings so as to conform thereto.

■ This court will not interfere with the judgment of the trial judge in exercising his discretion in the appraisal of the comparative value of the testimony of the witnesses whose testimony was delivered in the presence and hearing of the court, and, by his denial of the motion for new trial, in stamping with his approval the

verdict of the jury, there being sufficient evidence to sustain the verdict.    *Judgment affirmed.   All the Justices concur.*