HASLERIG *v.* WATSON *et al.*

No. 16644.  JULY 12, 1949.  REHEARING DENIED JULY 27, 1949.

*G. W. Langford* and *Maddox & Maddox*, for plaintiff in error.
*Fariss & Fariss, contra.*

HAWKINS, Justice. (After stating the foregoing facts.) ▇ The ▇

first ground of the amended motion assigns error upon the admission of certain testimony therein set out, this ground showing the evidence offered, the objections made, the colloquy between the court and counsel, and that one of the objections urged was sustained. The only objection overruled was that the evidence objected to was "incompetent and immaterial." The overruling of such an objection is not reversible error. *Hogan* v. *Hogan*, 196 *Ga.* 822 (28 S. E. 2d, 74); *Manley* v. *Combs*, 197 *Ga.* 768 (9) (30 S. E. 2d, 485); *Pippin* v. *State*, 205 *Ga.* 316 (53 S. E. 2d, 482).

■ The 4th and 5th grounds of the amended motion complain of the admission of certain testimony therein set out, with reference to the conduct of the defendant in connection with tearing down or injuring a fence around the cemetery, which occurred after the filing of the petition and the answer thereto, the objection being that evidence was not admissible as to any acts of the defendant committed since the suit was filed. The court overruled the objection and admitted the testimony only on the question of interest and conduct of the parties. As thus limited, the admission of the testimony was not erroneous, no further objection being made thereto. *Mickle* v. *Moore*, 193 *Ga.* 150 (17 S. E. 2d, 728).

■ The 2nd and 6th grounds of the amended motion complain of the admission of the testimony of witnesses therein referred to, with reference to the taking out of certain criminal warrants by the defendant against persons who were engaged in the digging of a grave on the premises in dispute, and as to how many warrants there were, as to their being dismissed, and as to who was required to pay the cost thereof. The admission of this testimony was not error for any reason assigned, in view of the allegations of paragraph 6 of the petition, wherein it was alleged: "On one occasion early in the year 1946 certain members of the public, including C. D. Haslerig, brother of the defendant, entered on said cemetery property and conducted a funeral therein, notwithstanding the threats of the defendant. Immediately thereafter the defendant procured criminal warrants to be issued for the parties taking part in said funeral, except C. D. Haslerig, his brother, and several parties were arrested by virtue of said criminal warrants and taken before

a justice of the peace, who conducted preliminary trials and dismissed said warrants and required the prosecutor to pay the accrued costs," and the answer of the defendant thereto, that "this defendant shows that he did have certain warrants issued for certain persons who came upon his land and were digging a grave for the purpose of burying a body thereon, and that when the same was tried before a justice of the peace said warrants were dismissed."

■ In the seventh ground of the amended motion error is assigned upon an excerpt from the charge of the court therein set out, wherein the judge was instructing the jury as to the contentions of the plaintiffs, on the ground that the charge as given did not accurately state their contentions, in that the petition alleged that the property involved was described as "a tract of land comprising approximately one acre, which said tract was fully measured, staked out and marked by stones at the corners," while in the charge excepted to the court instructed the jury that the plaintiffs contended that "approximately an acre was marked off or stepped off and staked off and that certain reasonable lines were pointed out to them by the dedicators." This was not such a material variance as would render the charge given erroneous. To state that the corners of the tract of land were alleged to be marked by "stakes" instead of by "stones" would not be such a material variance as to be prejudicial. *Wadley Southern Railway Co.* v. *Kennedy*, 136 *Ga.* 440 (1) (71 S. E. 740). The real question here involved was whether there was such a reasonable description shown in such manner as that the metes and bounds of the land could be identified. *Brown* v. *Gunn*, 75 *Ga.* 441. Whether the corners were marked by "stakes" or "stones" would not be vitally material.

■ The 8th ground of the amended motion assigns error upon the excerpt from the charge of the court therein set out, wherein the judge was instructing the jury as to certain contentions of the defendant, it being insisted that this charge was error for the reason that it did not fully state all of the contentions of the defendant. The excerpt there set out does not contain the entire charge as to the contentions of the defendant, and when considered in connection with the charge as a whole, the excerpt complained of is not subject to the criticism made. The court

elsewhere in the charge stated in much greater detail the contentions of the defendant, and further instructed the jury: "You will have these pleadings out in your jury room with you and you may read the pleadings, that is, the petition of the plaintiffs and the answer of the defendant, as you see fit, and in that way see for yourselves just what the plaintiffs do contend and what the defendant contends, and in that way keep clearly in your mind the issues between the parties in this case." Any failure on the part of the trial judge to state in the particular excerpt complained of all the contentions of the defendant was cured by his subsequent instruction that the contentions of the parties were set out in the pleadings, and that the jury could look to the pleadings for their contentions. *Varn* v. *Bloodworth,* 157 *Ga.* 300, 307 (121 S. E. 380); *Hogan* v. *Hogan,* 190 *Ga.* 555 (9 S. E. 2d, 891).

■ In the 9th ground of the amended motion, error is assigned on the following excerpt from the charge of the court: "You look to the evidence in this case, gentlemen, and see what the evidence shows; and see if you can determine that question, as to who the owner of all of this tract of land at that time was; if Mr. Gordon Lee and his brother, Tom W. Lee, were the owners of the tract of land, then they did have the right to dedicate any part of it to the public for the cemetery purposes and a highway, a roadway, leading from the highway up to the cemetery lot." This charge is alleged to be error because there was not sufficient evidence on which to base it, in that the evidence failed to show that Gordon Lee and Tom W. Lee were the owners of the tract of land at the time of the alleged dedication thereof.

In the 10th, 11th, 12th, 13th, 14th, 17th, and 19th grounds of the amended motion error is assigned on certain excerpts from the charge therein set out, some of the grounds referring to the same excerpts, and some to different parts of some of the excerpts complained of. In each of these grounds the charges therein excepted to are alleged to be erroneous for the reason that they submitted to the jury theories upon which the plaintiffs would be entitled to recover not alleged in the petition and not supported by the evidence. By the charges thus excepted to the court authorized the jury to return a verdict in favor of the plaintiffs upon the theory of an implied dedication by Tom W.

Lee, and instructed the jury that, if they should find that Gordon Lee and Tom W. Lee were owners of the land, a dedication by Gordon Lee would be binding upon his co-owner if he thereafter acquired knowledge of such dedication; and also that, if the jury should find that the property at the time of the alleged dedication thereof by Gordon Lee belonged to James Lee, and he, James Lee, thereafter acquired knowledge of such dedication, and notice that the property was thus being used by the public, ·this would amount to an implied dedication on the part of James Lee, or to an implied ratification by him of the acts of Gordon Lee in making the dedication.

The excerpts from the charge here complained of went outside the contentions of the plaintiffs as set up in their petition, and submitted to the jury issues not specifically raised by the pleadings, in that the petition alleged an express dedication of the land here involved for cemetery purposes by two named individuals, and did not allege an implied dedication by them or by James Lee, the other person therein referred to. Ordinarily such a charge would be erroneous and would require a reversal. See *Martin* v. *Nichols,* 127 *Ga.* 705 (56 S. E. 995); *Savannah Electric Co.* v. *McClelland,* 128 *Ga.* 87 (57 S. E. 91); *Burdette* v. *Crawford,* 125 *Ga.* 577 (54 S. E. 677); *Cordele Sash, Door & Lumber Co.* v. *Wilson Lumber Co.,* 129 *Ga.* 290 (58 S. E. 860); *Hand* v. *Matthews,* 153 *Ga.* 75 (3), (111 S. E. 408); *Citizens Bank of Roswell* v. *Reese,* 145 *Ga.* 110 (2), (88 S. E. 570). However, in this case, these excerpts from the charge, which would ordinarily be cause for reversal, were rendered harmless for the reason that, as we will undertake to point out in division 9 of the opinion in discussing the general grounds of the motion for a new trial, a verdict was demanded for the plaintiffs under the evidence introduced without objection, which conclusively established an implied dedication for cemetery purposes of the land here involved. In *Napier* v. *Strong,* 19 *Ga. App.* 401 (2) (91 S. E. 579), it is held: "A plaintiff must recover upon the cause of action as laid in the petition; and a verdict in his favor is illegal when the evidence fails to support the cause declared on, even though a different cause of action may appear from testimony admitted without objection. But evidence, admitted without objection, which supports what is in fact the same cause of

action, although it might have been excluded on objection, may be sufficient to authorize a recovery, if, under the facts of the case, the petition could by amendment have been so conformed to the proof as to render such testimony relevant." See also *Irvin* v. *Locke*, 200 *Ga.* 675 (38 S. E. 2d, 289); *Steed* v. *Rees*, 192 *Ga.* 20, 24 (14 S. E. 2d, 474); *Rocker* v. *DeLoach*, 178 *Ga.* 480 (2) (173 S. E. 709).

■ In grounds 15 and 16 of the amended motion for a new trial error is assigned on an excerpt from the charge of the court set out in the 15th ground, for the reason that by this charge the court eliminated from the jury the contention of the defendant that he was not interfering with the plaintiffs, and that there had been no act on his part which would entitle the plaintiffs to an injunction against him. These assignments of error are without merit for the reason that in paragraph 6 of the defendant's answer he admits "that he did have certain warrants issued for certain persons who came upon his land and were digging a grave for the purpose of burying a body thereon," and he further shows that he did "put one log across his farm road leading to said burying ground." These acts on the part of the defendant, as admitted in his answer, amounted to such an interference with the use of the premises for cemetery purposes as authorized the grant of the injunctive relief sought. The charge here complained of was, therefore, not harmful to the defendant.

■ Grounds 3 and 18 of the amended motion, complaining respectively of the admission of testimony and of an excerpt from the charge of the court, are without merit and do not require elaboration.

■ We come now to a discussion of the general grounds of the motion for new trial in the light of the pleadings, the evidence, and the law applicable thereto.

There are certain essential elements to a valid dedication of land to public use: (1) an intention on the part of the owner to dedicate the property to a public use; (2) an acceptance thereof by the public; and (3) where implied dedication is relied upon, it must appear that the property has been in the exclusive control of the public for a period long enough to raise the presumption of a gift. *Healey* v. *Atlanta*, 125 *Ga.* 736 (54 S. E. 749; *Hyde* v. *Chappell*, 194 *Ga.* 536 (2) (22 S. E. 2d, 313); *Tift* v. *Golden Hardware Co.*, 204 *Ga.* 654 (4) (51 S. E. 2d, 435).

"If the owner of lands, either expressly or by his acts, shall dedicate the same to public use, and the same shall be so used for such a length of time that the public accommodation or private rights might be materially affected by an interruption of the enjoyment, he may not afterwards appropriate it to private purposes." Code, § 85-410.

In *City of LaFayette* v. *Walker County*, 151 *Ga.* 786 (108 S. E. 218), it is held: "It is not essential to constitute a valid dedication to the public that the right of use should be vested in a corporate body." In this same case, on page 791, it is said: "Intention to dedicate may be inferred from acquiescence by the owner in the use of his land by the public, if the use be of such character as to clearly indicate that the public accepted the dedication to the public use."

As pointed out by this court, in *Atlanta Railway & Power Co.* v. *Atlanta Rapid Transit Co.*, 113 *Ga.* 481, 492 (39 S. E. 12), "The first time that the doctrine of dedication was expounded by this court was in the case of *Mayor &c. of Macon* v. *Franklin*, 12 *Ga.* 239, in which case Judge Nisbet (as he uniformly did in other cases) delivered an exhaustive and instructive opinion. The court there ruled that a dedication to a public use is effected when one, being the owner of lands, consents, either expressly or by his action, that it may be used by the public for a particular purpose. Since the date of that decision, which has stood as the leading case in Georgia on this subject, numerous cases have invoked confirmatory rulings by this court on the points there decided. See *Parsons* v. *University*, 44 *Ga.* 529; *Chapman* v. *Floyd*, 68 *Ga.* 457; *Southwestern R. R.* v. *Mitchell*, 69 *Ga.* 123; *City Council of Augusta* v. *Burum*, 93 *Ga.* 68 [19 S. E. 820, 26 L. R. A. 340], and cases there cited."

In *Mayor &c. of Macon* v. *Franklin*, 12 *Ga.* 239, supra, we find these statements: "There is no particular form of making a dedication. It may be done in writing, or by parol; or it may be inferred from his acts, or implied, in certain cases, from long use. A grant is not necessary to create it. And in this consists its main difference from a license to individuals. It is made without a grant, and it exists, although the legal title remains in the maker. The technical objection to a dedication was that it could not exist without a valid grant from the owner of the fee,

and inasmuch as the public is incapable of contracting, it could not exist at all. The courts, however, very early overcame this objection, and held that a deed was not necessary to a dedication. The rule that no grantee is required, grows out of the necessity of the case.

"Dedications of lands for charitable and religious purposes, and for public highways, are valid without any grantee to hold the fee, and the principle upon which they are sustained, sustains dedications of streets, squares and commons.

"When lands are dedicated, and are enjoyed as such, and rights are required [acquired] by individuals in reference to such dedication, the law considers it in the nature of an *estoppel in pais*, which precludes the original owner from revoking it. . .

"I have stated that no particular form or ceremony is necessary to make a dedication. It may be created by parol and proven by parol. All that is required (say the Supreme Court of the United States, in Cincinnati *v*. White's Lessees) is the assent of the owner of the land, and the fact of its being used for the public purposes intended by the appropriation."

Webster defines "assent" to mean: "Mental concurrence or expression of concurrence in a proposition; agreement; acquiescence." In 6 Words and Phrases (Perm. ed.), pages 407, 408, the word "cemetery" is dealt with in the following excerpts therefrom: "The word 'cemetery' is defined by Webster to be a place or ground set apart for the burial of the dead, and this is the popular idea. What creates the cemetery is the act of setting the ground apart for the burial of the dead—marking and distinguishing it from adjoining ground as a place of burial. Concordia Cemetery Assn. *v*. Minnesota & N. W. R. Co., 121 Ill. 199, 12 N. E. 536, 541." "A 'cemetery' is defined as a place where human bodies are buried; a graveyard. Actual interment and inclosure of land for use as cemetery constituted dedication as cemetery of all land so set apart, whether occupied by graves or not. Smallwood *v*. Midfield Oil Co., Tex. Civ. App., 89 S. W. 2d, 1086, 1090." "A cemetery includes not only lots for depositing the bodies of the dead, but also avenues, walks, and grounds for shrubbery and ornamental purposes. All must be regarded as consecrated to a public and sacred use. Evergreen Cemetery Assn. *v*. City of New Haven, 43 Conn. 234, 243, 21 Am. Rep.

643." "A cemetery is as public a place as a courthouse or market. It may not be frequented as much, but visits to it are as necessary and as certain, and the accommodation of the public requires a highway to it over which all must travel, so as to permit its dedication by public use. Cemetery Assn. *v.* Meninger, 14 Kan. 312, 313." There are citations from other States along the same lines. And see also *Williams* v. *Ramey,* 201 *Ga.* 737 (41 S. E. 2d, 159); *Hutchinson* v. *Clark,* 169 *Ga.* 511 (150 S. E. 905); *Dunaway* v. *Windsor,* 197 *Ga.* 705 (30 S. E. 2d, 627); *Gartrell* v. *McCravey,* 144 *Ga.* 688 (87 S. E. 917).

How stands the plaintiffs' case under the evidence? The defendant did not take the stand in his own behalf, and introduced no evidence. The evidence adduced in behalf of the plaintiffs demanded a finding that, some fifty years prior to the filing of the petition; there had been an express parol dedication by Gordon Lee of the land described in the petition; and that the land so expressly dedicated by Gordon Lee was an acre of land in the form of a square, which was stepped off by a named person in his presence, and stakes driven down at the corners thereof by a person named in the evidence as one Cicero Glenn. The evidence to show in whom the legal title to the land was vested at the time of the dedication thereof by Gordon Lee is very slight. Several witnesses referred to the land as "belonging to the Lees," and one or two of the witnesses stated that it belonged to Mr. Lee (referring to Gordon Lee). The evidence discloses that Gordon Lee had several sisters and a brother, Tom W. Lee, and that his father and mother were both in life at the time of the alleged dedication, and remained in life for a time thereafter, the exact time of the dedication and the exact length of time that James Lee, the father, lived after the alleged dedication not being disclosed by the evidence. Except as above indicated, the evidence fails to show in whom the legal title to the land was vested at the time of the dedication, or from whom or how title to the land in dispute was acquired by Clarke Lee Nunnally. However, the evidence does show that Gordon Lee went upon the property at the time of its dedication, and was thus exercising possession over it. The evidence further discloses that, immediately after this dedication of the land for cemetery purposes by Gordon Lee, it was accepted by the colored

people, and on that day or the day following the first colored person was buried thereon; that, since that time the use of this particular acre of land for cemetery purposes has been continuous for more than fifty years; and that there are now located on this land several hundred graves, including the graves of the defendant's father and mother. The evidence further discloses that Tom W. Lee and James Lee lived at Chickamauga and within about two or two and one-half miles of this cemetery.

While the proof fails to show that Gordon Lee and Tom W. Lee were the owners of the land at the time of its express dedication by Gordon Lee, it is shown by the allegations of the petition that Clarke Lee Nunnally acquired title to this property on July 15, 1903; that thereafter the property was conveyed to G. L. Bonds on November 2, 1911; that on November 22, 1915, G. L. Bonds conveyed the property surrounding the cemetery and roadway to G. W. Haslerig, the father of the defendant; that on November 7, 1918, G. W. Haslerig conveyed it to his three sons, C. D., A. L., and S. S. Haslerig; and that thereafter, these three brothers divided the tract of land among themselves, had the same surveyed, and in this way A. L. Haslerig, the defendant, acquired possession of the portion of the tract surrounding the cemetery and roadway; and these allegations are admitted by the defendant's answer. The evidence discloses that prior to 1899 this tract of one acre was being used as a cemetery and graves were located thereon. At the time each of the conveyances above referred to was executed, this condition existed for everyone to see. While it is alleged in the answer that no reservations of the cemetery tract or roadway were made in either of the conveyances, in Hines v. State, 126 Tenn. 1 (149 S. W. 1058), it is held that, although land containing the family burying ground is conveyed without any express reservation of this portion, there is an implied reservation; inasmuch as the graves are there to be seen, the purchaser is charged with notice of the fact that the particular lot has been dedicated to burial purposes. In Roundtree v. Hutchinson, 57 Wash. 414 (107 Pac. 345), it is held that an implied common-law dedication of land for public use for burial purposes is effected by permitting its use by the entire neighborhood as a place for interment of the bodies of the dead for a long series of years.

In 10 Am. Jur. 489, § 6, we find these principles announced: "It is well settled that land may be dedicated to the public for cemetery purposes. In the absence of statute, no particular form or ceremony is requisite to accomplish such a dedication. The intention of the owner of the land to dedicate it for a public cemetery, together with the acceptance and use of the same by the public, *or the consent and acquiescence of the owner in the long-continued use of his lands for such purpose, are sufficient.* The dedication may be made by grant or written instrument, but it is not necessary that any conveyance shall be made or that there shall be any person capable of taking a conveyance otherwise than in trust. While acceptance by the public is necessary to complete the dedication, such *acceptance may be implied from acts and from the use of the land;* and when the dedication is beneficial, greatly convenient, or necessary to the public, an acceptance will be implied from slight circumstances. *The notorious use of property as a burial ground for upwards of twenty years, with the knowledge and acquiescence of the owner, affords presumptive evidence of its dedication as a public cemetery,* but no particular time during which the land is used for burial purposes is necessary to prove dedication." (Italics supplied).

The evidence discloses that the use of this land for more than fifty years as a cemetery has been open and notorious, and acquiesced in by every person who held title to the surrounding lands, at least to the extent that no objection is shown by the evidence to have been raised thereto, and that even the defendant himself has owned an interest in the property since 1918 without making any objection to the use of the land until 1946, a period of approximately twenty-eight years. In 10 Am. Jur. 491, § 8, it is said: "When a tract of land has been dedicated as a cemetery, it is perpetually devoted to the burial of the dead and may not be appropriated to any other purpose." The following cases are cited in support of this statement: Mt. Auburn Cemetery Co. *v.* Cambridge, 150 Mass. 12 (22 N. E. 66); Hines *v.* State, 126 Tenn. 1 (149 S. W. 1058); Oakland Cemetery Co. *v.* People's Cemetery Asso., 93 Tex. 569 (57 S. W. 27); Ritter *v.* Couch, 71 W. Va. 221 (76 S. E. 428).

We hold that in this case such express dedication of the land

and roadway by Gordon Lee and the use thereof as disclosed by the evidence for more than fifty years—with knowledge of such use on the part of the defendant for approximately twenty-eight years, and without any objection on his part until immediately before the filing of this suit—demanded a finding in favor of the plaintiffs that there had been a dedication of the property for cemetery purposes, and that the defendant cannot now appropriate it to his use or interfere with its use by the public for the purposes for which it was dedicated.

*Judgment affirmed.* *All the Justices concur.*