A10A1830. BRANNON et al. v. PERRYMAN CEMETERY, LTD.
(709 SE2d 33)

MILLER, Presiding Judge.

This case arises out of a dispute among Haralson County residents concerning the operation of a local cemetery. Appellee Perryman Cemetery, Ltd. ("Perryman"), an entity created exclusively for charitable and religious purposes and for the ownership maintenance and operation of the cemetery, filed the underlying action seeking injunctive relief against Frank Brannon,[1] Frances Harrison, Alice Oldroyd, and Joyce Dobbs[2] (collectively, the "Appel-

---

[1] Before the trial in the case, Frank Brannon died. Thereafter, Perryman dismissed him from the case without prejudice.

[2] During the bench trial, the trial court dismissed Dobbs from the action, based on a lack

lants"), alleging that Appellants disrupted the peace and tranquility of the cemetery by interfering with its operation and maintenance, and by digging up and removing grave markers. Following a bench trial, and without entering a ruling as to the ownership thereof, the trial court found that the land in issue had been dedicated for use as a cemetery for that class of persons defined as "members of the Mt. Vernon Baptist Church, members of the Buchanan Branch of the Church of Latter Day Saints, members of the local community, and by family and friends of individuals previously interred in said cemetery." The trial court also entered a permanent injunction against "all parties, their agents, designees and alter egos," proscribing conduct that would interfere with the use and maintenance of the cemetery.

Appellants appeal, contending that the trial court erred (i) in denying their motion for judgment as a matter of law on the ground that Perryman lacked standing to sue, and (ii) in impliedly finding that the cemetery had been dedicated for a public use. Initially, Appellants also enumerated that the trial court erred in failing to issue findings of fact and conclusions of law pursuant to OCGA § 9-11-52. By their reply brief, however, Appellants later conceded that any issue as to the sufficiency of the trial court's findings of fact has been waived. See *Hathaway Dev. Co. v. Advantage Fire Sprinkler Co.*, 290 Ga. App. 374, 377 (2) (659 SE2d 778) (2008) ("An appellant who intends to argue that the trial court's findings are inadequate or incomplete waives that argument by failing to make the post-judgment motion referenced in OCGA § 9-11-52 (c). . . . In such cases, this Court does not remand for additional findings but simply affirms.") (citations omitted). Discerning no error, we affirm.

> While we apply a de novo standard of review to any questions of law decided by the trial court, factual findings made after a bench trial shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. . . . [The] appellate courts will not disturb fact findings of a trial court if there is any evidence to sustain them.

(Citations and punctuation omitted.) *Lifestyle Home Rentals v. Rahman*, 290 Ga. App. 585 (660 SE2d 409) (2008).

The evidence shows that the cemetery, consisting of 2.45 acres, is located in Haralson County and has numerous marked grave sites, including one dating back to 1862 belonging to a Perryman, and others

---

of evidence that she participated in any of the alleged acts.

dated in the 1880s. The first reference to a cemetery is found in a warranty deed to the Mt. Vernon Baptist Church, dated February 25, 1902, wherein the property conveyed was described as "being the lot now used as a cemetery having been first used to bury those dying from smallpox and having lately been selected as a graveyard by said church . . . ." Extensive evidence regarding record ownership of the cemetery through the ensuing years was presented, culminating in the testimony of Perryman's expert witness who opined that Perryman held marketable title to the cemetery. Among the deeds showing record ownership, however, were two in 1965. By the first, executed in March 1965, the Estate of Mrs. W.C.F. Brannon conveyed the land surrounding the cemetery to Brannon family members "except the cemetery lot. . . ." By the second, executed in April 1965, Brannon family members conveyed the land surrounding the cemetery to Richard Leonard Holcombe, "excepting two acres more or less . . . reserved for the cemetery lot of the Buchanan Branch of the Church of the Latter Day Saints" ("Mormon Church").

For most of its history, the cemetery enjoyed a peaceful coexistence in the community. Joint services were conducted there between people in the local community, members of the Mt. Vernon Baptist Church, and members of the Buchanan Branch of the Mormon Church. An 85-year-old who had been familiar with the cemetery since 1942 testified that when maintenance was required, "the neighborhood just went in and kept everything up" and that nobody had exclusive control over the cemetery. Another witness testified that she remembered the cemetery as "just for the community . . . ." No permission was required to be buried in the cemetery; markers could be placed anywhere you chose for relatives; there were no written or oral rules for the use of the cemetery; no one complained as to how graves were maintained; there was no fee for burial; and there was no requirement to work in the cemetery.

In 2005, however, relationships deteriorated when members of the Brannon family declared to those attending decoration services "that they were going to take back . . . the cemetery." Relationships collapsed in 2007 when certain grave markers in the cemetery were dug up and moved — this also by members of the Brannon family. The instant action followed.

1. The Appellants contend that the trial court erred in denying their motion for judgment as a matter of law on the ground that Perryman lacked standing to sue. We disagree.

"[A]t a bench trial, the trial court's ruling on an OCGA § 9-11-41 (b) motion for involuntary dismissal will not be disturbed if there is any evidence to support it." (Punctuation and footnote omitted.) *Magnus Homes v. Derosa*, 248 Ga. App. 31, 32 (1) (545 SE2d 166) (2001).

The record shows that Perryman introduced, without objection, the testimony of its expert witness to the effect that Perryman held marketable title to the property based upon the evidence of record title before the court. Clearly, therefore, there was evidence before the trial court that Perryman had a legal interest in the cemetery. See *Equitable Life Assurance &c. v. Tinsley Mill Village*, 249 Ga. 769, 772 (2) (294 SE2d 495) (1982) (even if not a real party in interest, a party may have the capacity to sue upon demonstrating a right to possession of the property claimed to have been damaged). Accordingly, Perryman had standing to request injunctive relief to prohibit digging up or moving grave markers, interfering with individuals desiring to be buried with family members interred in the cemetery, and interfering with the operation and maintenance of the cemetery. *Bethel Farm Bureau v. Anderson*, 217 Ga. 529, 531 (1) (123 SE2d 754) (1962).

2. The Appellants also contend that the trial court erred in impliedly finding that the cemetery had been dedicated for a public use, rather than declaring it a private cemetery controlled by the Brannon heirs. This claim of error is also without merit.

The law recognizes two kinds of cemeteries, public and private.

> A public cemetery is one which has been "dedicated"[3] to the community at large. In contrast, a private cemetery is one where the land has been used for burial by the landowner, or with the landowner's permission, and use has been restricted by the landowner to relatives or some other portion of the public (e.g., neighbors and friends) but not the community at large.

(Citation and footnote omitted.) *Hughes v. Cobb County*, 264 Ga. 128, 129 (1) (441 SE2d 406) (1994). Essential to a valid dedication of land for public use is satisfaction of the following elements:

> (1) an intention on the part of the owner to dedicate the property to a public use; (2) an acceptance thereof by the public; and (3) where implied dedication is relied upon, [as here,] it must appear that the property has been in the exclusive control of the public for a period long enough to raise the presumption of a gift.

(Citations omitted.) *Haslerig v. Watson*, 205 Ga. 668, 678 (9) (54 SE2d

---

[3] When used in this sense, "dedicated" is a term of art which describes the act of setting apart land for public use. See *Hutchinson v. Clark*, 169 Ga. 511 (150 SE 905) (1929).

413) (1949). Significantly,

> [a]fter an owner dedicates land to public use either expressly or by his actions and the land is used by the public for such a length of time that accommodation of the public or private rights may be materially affected by interruption of the right to use such land, the owner may not afterwards appropriate the land to private purposes.

OCGA § 44-5-230; *Haslerig*, supra, 205 Ga. at 679.

Here, given the 1965 deeds from the Estate of Mrs. W.C.F. Brannon to other Brannon family members and from Brannon family members to Holcombe excepting therefrom the cemetery, as above, the Appellants are estopped to deny by the deed recitals that there has been no dedication of the cemetery. "[A]ll parties to a deed are bound by the recitals in it legitimately appertaining to the subject matter." (Citation and punctuation omitted.) *Lovell v. Rea*, 278 Ga. App. 740, 743 (4) (629 SE2d 459) (2006).

Further, the record shows that the cemetery had been in existence for more than 40 years before the Brannon family acquired the property which surrounded the cemetery in 1924. There also was evidence that the public had long regarded the cemetery as a community cemetery and that the Brannon family had done nothing to suggest otherwise until 2005, 81 years later, when the family announced its intention to take control thereof. The duration of the land's use as a cemetery in such circumstances constitutes "presumptive evidence of its dedication as a public cemetery . . . ." See *Haslerig*, supra, 205 Ga. at 683 (9) ("The notorious use of property as a burial ground for upwards of twenty years, with the knowledge and acquiescence of the owner, affords presumptive evidence of its dedication as a public cemetery, but no particular time during which the land is used for burial purposes is necessary to prove dedication.") (Citation, punctuation and emphasis omitted.)

Under these circumstances, the trial court did not err in finding an implied dedication of the cemetery for public use. *Haslerig*, supra, 205 Ga. at 683 (9). Thus, having been dedicated, any authority over the cemetery which the Appellants might have had as "owners"[4] was lost (OCGA § 44-5-230), and injunctive relief properly was entered against them.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

---

[4] The briefs on appeal indicate that title to the cemetery is disputed between the parties. Given our conclusion that the cemetery was dedicated for public use, the trial court did not err in failing to render a finding as to ownership, such issue being immaterial in these circumstances. OCGA § 44-5-230; *Haslerig*, supra, 205 Ga. at 683 (9).

DECIDED MARCH 28, 2011.

*Jack F. Witcher, Daniel B. Greenfield*, for appellants.
*Timothy A. McCreary*, for appellee.