No. 21,515.

W. M. GRAY et al., Partners as THE CHANUTE MAUSOLEUM COMPANY, Appellants, v. W. E. CRAIG, as County Clerk, etc., et al., Appellees.

SYLLABUS BY THE COURT.

TAXATION—Mausoleum Exempt from Taxation. A mausoleum, erected and used exclusively as a place for the permanent interment of the dead, is exempt from taxation under the second subdivision of section 11151 of the General Statutes of 1915, which exempts from taxation all lands used exclusively as graveyards.

Appeal from Neosho district court; JAMES W. FINLEY, judge. Opinion filed May 11, 1918. Reversed.

H. P. Farrelly, and T. R. Evans, both of Chanute, for the appellants.

R. B. Smith, county attorney, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs commenced this action to enjoin the collection of taxes levied on certain real property. A demurrer was sustained to their petition, and they appeal.

The petition, in substance, alleges that the plaintiffs are partners in the construction and maintenance of a mausoleum, on a tract of land 179 by 239 feet adjoining Elmwood cemetery, in the city of Chanute; that the land and the mausoleum building constructed thereon are used exclusively for the burial of the dead; that—

"A plat of the crypts in said building, wherein the caskets containing dead bodies are placed, has been placed of record in the office of the

register of deeds of Neosho county, Kansas, each crypt being numbered and by such numbers are sold and conveyed by the complainants by warranty deed, the same as any other conveyance or right in real property;"

That—

"The mausoleum building contains 216 crypts, including two private rooms therein of eight crypts each, and on March 1, 1916, 89 of said crypts had been sold to 36 different people, and deeds thereto had been delivered to the purchasers for all but three of said crypts. At the time of filing this petition 104 of said crypts, including one of the private rooms, have been sold to 40 different people and deeds thereto delivered accordingly and fourteen bodies buried therein and are now resting in said mausoleum."

The petition further alleges that the property is exempt from taxation; and that the defendants have assessed the property at $23,000 and will place the same on the tax rolls of Neosho county, and will levy a tax thereon in violation of law.

There is but one proposition argued, and that proposition is that the property is exempt from taxation. Section 11151 of the General Statutes of 1915, in part, reads:

"That the property described in this section, to the extent herein limited, shall be exempt from taxation:   .  .  .

"*Second,* All lands used exclusively as graveyards."

If a mausoleum is a graveyard, within the meaning of this statute, the property is exempt from taxation, and the plaintiffs must prevail. What is a graveyard? It is a place for the burial of the dead. Usually the dead are buried in the ground, but that is not necessary, and is not always done. Sometimes they are placed in vaults, or mausoleums, built on top of the ground. Each of these vaults, or mausoleums, may contain more than one body, but these facts do not deprive the property of its character as a graveyard.

When the statute was enacted, mausoleums, other than those found in graveyards, were little known in this country. Within a comparatively few years, mausoleums, such as the one built by the plaintiffs, have come into use as places for the interment of the dead. The manner in which the plaintiffs have disposed of crypts in which to deposit dead bodies is very similar to the manner in which lots are ordinarily disposed of in graveyards in this state. Every reason that can be urged in favor of exempting graveyards from taxation can likewise be urged in favor of exempting mausoleums.

The defendants invoke the rule that statutes exempting property from taxation must be strictly construed. The rule is correct, and must be followed; but the statute must be construed so as to give it effect, and so as to include all property that comes within the meaning of the term "graveyard."

In support of their contention that the mausoleum is taxable, the defendants cite *Mausoleum Bldrs. of N. J. v. State Bd. Taxes,* 88 N. J. L. 592. The reasoning in that case is not convincing when applied to a mausoleum as a burial place for the dead. In addition to this, the decision was based on a statute exempting buildings for cemetery use. This exemption was held to include buildings essential and necessarily incidental for the use of a cemetery, but not to include mausoleums. We have no such provision in our statute. Our statute exempts graveyards. A mausoleum comes within the terms of our statute.

The judgment is reversed, and the cause is remanded with directions to overrule the demurrer and to proceed in accordance with this opinion.