SOUTHVIEW CEMETERY ASSOCIATION *et al. v.* KITCHENS *et al.*

GILBERT, J.　O. T. Kitchens et al. filed a petition praying that the South-
view Cemetery Association et al. be restrained from using any of a
described tract of land for cemetery purposes, and from permitting any
bodies to be buried on said property, and from selling any of said prop-
erty or lots therein or parts thereof to any person or persons for the
purpose of being used by such purchaser as a burying ground. It was
alleged that the defendants had not obtained permission of the authori-
ties of Fulton County, and that under the act of 1910 (Ga. L. 1910, p.
130), which is operative in Fulton County, the board of county com-
missioners have power to grant or refuse permission to use cemeteries
outside of the limits of incorporated towns, and that no cemetery can
be established outside of the incorporate limits of any town in said
county without the permission of said county authority. The defendants
admitted that the land is within four miles of the City of Atlanta, and
that they had not obtained the permission of the county authorities as
aforesaid; but they insisted that such permission was not necessary,
for the reason that it was not the purpose of the defendants to establish
a new cemetery, but, on the contrary, it was merely their purpose to
extend the limits of an already established cemetery. The court under
the evidence was authorized to find that the defendants had for many
years owned and operated an established cemetery included within
definite boundary lines, and that since the passage and approval of the
aforesaid act of 1910 the defendants had acquired additional lands
adjacent to the cemetery already established and owned by them, and
that it was the purpose of the defendants to use the additionally acquired
lands for cemetery purposes. The court granted an interlocutory injunc-

tion, and defendants excepted. *Held*, that the court did not err in holding that the use of the later acquired land to be devoted to cemetery purposes fell within the provisions of the aforesaid act of 1910, within the meaning of that act; and therefore it was not error to grant the injunction. *Judgment affirmed. All the Justices concur.*

No. 5143. June 18, 1926.

Injunction. Before Judge Bell. Fulton superior court. October 10, 1925.

*George & John L. Westmoreland*, for plaintiffs in error.

*Hooper & Hooper*, contra.