*B. B. McCowen,* for defendant.

---

## DeFoor *et al.* v. Donaldson *et al.*

GILBERT, J. The exception in this case is to a judgment refusing to grant a temporary injunction. Petitioners, alleging themselves to be owners of adjoining lands in Fulton County, sought to enjoin the opening of a new cemetery. One of the grounds upon which the injunction was sought was that the defendants had not obtained a permit from the proper authorities of Fulton County, as required under the act of the General Assembly approved August 9, 1910 (Ga. Laws 1910, p. 130). Other grounds were insisted upon by the petitioners, but they need not be stated. The defendants admitted that they had not obtained the permission aforesaid, but insisted that they were not opening a new cemetery but were merely extending the cemetery in use for many years by Sardis Church. Also, that defendants were merely selling lots to third parties who might use them for cemetery purposes, and that defendants themselves did not intend to so use the lots. *Held:*

(a) Under the decision in the case of *Southview Cemetery Association* v. *Kitchens,* 162 *Ga.* 322 (133 S. E. 919), the court erred in refusing to enjoin the defendants.

(b) The answer of the defendants contains the following admissions: "The persons to whom they will sell will probably devote this ground to burial or cemetery. purposes. It is the only use to which this property could be put. It would not be suitable for any. other purpose."

Cemeteries, 11 C. J. p. 58, n. 48 New.

It thus appears that defendants are undertaking to sell lots to be used for cemetery purposes.

*Judgment reversed. All the Justices concur.*

No. 5387. OCTOBER 14, 1926.

Petition for injunction. Before Judge Humphries. Fulton superior court. March 31, 1926.

*McElreath & Scott,* for plaintiffs.

*Key, McClelland & McClelland,* for defendants.