### 19496. ARLINGTON CEMETERY CORPORATION *et al. v.* BINDIG *et al.*

ARGUED OCTOBER 9, 1956—DECIDED NOVEMBER 14, 1956.

Smith, Field, Doremus & Ringel, R. E. Lee Field, Alex W. Smith, Jr., for plaintiff in error.

A. C. Latimer, Carter, Latimer & Savell, Elliott Moore, Jr., contra.

HEAD, Justice. 1. Count 2 alleges that the tract of 100 acres conveyed to the defendant has never been dedicated or used for cemetery purposes since the license was issued to the defendant's predecessors in title in July, 1926, and that the license to operate a cemetery, as to the 100 acres, has been abandoned. An easement or right may be lost by nonuser if it shall continue for a time sufficient to raise a presumption of abandonment. Code § 85-1403. It was not error to overrule the general demurrer to count 2.

2. In the exercise of the police power of the State, and in order to promote the public health and well-being, the legislature may pass reasonable regulations as to the establishment and operation of cemeteries. Hallman v. Atlanta Child's Home, 161 Ga. 247, 253 (130 S. E. 814); Lawton v. Steele, 152 U. S. 133, 136 (14 Sup. Ct. 499, 38 L. ed. 385); 10 Am. Jur. 500, § 19; 14 C. J. S. 63, § 2.

On August 9, 1910, an act of the General Assembly was approved, providing that in counties having a population of 125,000 or more the board of county commissioners, or the ordinary in the event there be no such board, should have power to grant or refuse "permission to establish . . . cemeteries." Ga. L. 1910, pp. 130, 131. This court in several cases has referred to the permission to be granted by the board as a "permit." Hallman v. Atlanta Child's Home, supra; DeFoor v. Donaldson, 163 Ga. 36 (135 S. E. 405); South View Cemetery Assn. v. Hailey, 199 Ga. 478 (34 S. E. 2d 863). Action by the board granting permission to establish a cemetery (within the powers conferred by the act) would, in legal effect, amount to a license. "A license is a right granted by some competent authority to do an act which, without such authority, would be illegal." Home Ins. Co. of New York v. City Council of Augusta, 50 Ga. 530 (1); Inter-City Coach Lines v. Harrison, 172 Ga. 390, 395 (157 S. E. 673); Webster's International Dictionary (2d ed.), p. 1425; 33 Am. Jur. 325, § 2; 53 C. J. S. 445, § 1; Bouvier's Law Dictionary, vol. 2,

p. 1974; Black's Law Dictionary (3d ed.), p. 1110. The words "license" and "permit" are often used synonymously. *Mayor &c. of Savannah* v. *Cooper,* 131 *Ga.* 670, 674 (63 S. E. 138) ; 53 C. J. S. 445, § 1.

Where, pursuant to the police power, a license is granted, it is not a contract and it may be abrogated. Code § 20-117. A license or permit to establish a cemetery on described lands is a personal privilege and is not assignable. Though it be considered as a grant running with the land, the license or permit does not attach if the land is not dedicated to public use for burial purposes. 14 C. J. S. 77, § 17; Weiss *v.* Mayor &c. of Woburn, 263 Mass. 30 (160 N. E. 444). The defendant can not establish a new cemetery under a license granted to its predecessor in title. The right to use its land included in the license granted its predecessor in title for cemetery purposes is contingent upon a valid dedication to cemetery purposes having been duly made by its predecessor in title, pursuant to the license.

"There is no particular form of making a dedication. It may be done in writing, or by parol; or it may be inferred from his acts, or implied, in certain cases, from long use." *Mayor &c. of Macon* v. *Franklin,* 12 *Ga.* 239, 244. There can be no dedication of property to public use without an intention on the part of the owner to dedicate, and before dedication can become complete, there must be an acceptance by the public. *Penick* v. *County of Morgan,* 131 *Ga.* 385, 390 (62 S. E. 300) ; *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380, 388 (75 S. E. 418). "When the dedication is beneficial, greatly convenient, or necessary to the public, an acceptance will be implied from slight circumstances." 10 Am. Jur. 489, 490, § 6. That cemeteries are a necessity has long been established. "Cemeteries are a necessity. A place where the dead may be given decent Christian burial must be established, and the location of such must necessarily be upon some tract of land more or less suitable and commodious; and it is impossible to find a tract of land that is not contiguous to the lands of some one else." *Harper* v. *City of Nashville,* 136 *Ga.* 141, 142 (70 S. E. 1102).

The uncontradicted evidence shows that the predecessor in title of the defendant, in the application to establish a cemetery, filed a plat of the lands which were to be used for cemetery pur-

poses and were to be included in the license. The plat included the land here involved and other land. After the license was granted, lots were sold and burials made on a substantial part of the land (approximately 21 acres, other than the 100 acres here involved). These facts demand a finding that the holders of the license intended to commit the lands covered by the license to cemetery uses, and that the dedication had been accepted by the public through the purchase of lots and by burials.

The general rule is that, when land has been dedicated for cemetery uses, it may not thereafter be appropriated to other purposes, and this rule has been applied and followed by this court. "When a tract of land has been dedicated as a cemetery, it is perpetually devoted to the burial of the dead and may not be appropriated to any other purpose." *Haslerig* v. *Watson*, 205 *Ga.* 668, 683 (54 S. E. 2d 413); 10 Am. Jur. 491, § 8.

The fact that a deed to secure debt was foreclosed and the lands bought at the foreclosure sale by the creditor, and that he held it for a number of years (during which time it was not used for any purpose) prior to the sale to the present cemetery corporation, would not, alone, be sufficient to show an intent to abandon the property for cemetery purposes. If, subsequently to the foreclosure, the purchaser had used the lands for other purposes inconsistent with its use for cemetery purposes, such use, by its character and duration, might constitute conclusive evidence of intent to abandon for cemetery uses. Lot owners, however, have an interest in the preservation of the cemetery in its entirety, and it is not necessary that all of the lands of a cemetery corporation be laid out in lots for lot owners to have an interest in the preservation of the entire lands for cemetery purposes. Close *v.* Glenwood Cemetery, 107 U. S. 466, 477 (2 Sup. Ct. 267, 27 L. ed. 408).

"Abandonment is largely a question of intent. *Holmes* v. *Jones,* 80 *Ga.* 659 [7 S. E. 168]. This intent is inferable from the acts of the parties, interpreted in the light of all the surroundings. . . Abandonment is a mixed question of law and fact." *Gaston* v. *Gainesville &c. Ry. Co.*, 120 *Ga.* 516, 519 (48 S. E. 188); *Tietjen* v. *Meldrim*, 172 *Ga.* 814, 815 (159 S. E. 231).

No act or intent to abandon the tract of 100 acres for cemetery purposes is shown by the evidence in this case.

3. The fact that Guy B. Turner or S. T. Spruill (predecessors in title of the defendant) may have believed that a cemetery corporation purchasing the property for cemetery purposes subsequently to dedication for such use, would be required to procure a license from the county board of commissioners, would not be germane to the issue as to whether or not a valid dedication of the property to cemetery uses had been made. The sales agreements, which were not consummated, were not admissible on the issue of dedication or as an admission against interest by a predecessor in title.

4. The plaintiffs' allegations that the lands had not been dedicated, and that rights under the license had been abandoned, were not supported by any competent evidence. The zoning ordinance approved by the Fulton County Board of Commissioners on March 11, 1955, does not purport to, and could not, invalidate the license previously granted, and the dedication for cemetery purposes.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Wyatt, P. J., not participating.*