19609, 19626.   GREENWOOD CEMETERY, INCORPORATED, *et al. v.* MacNEILL *et al.;* and *vice versa.*

WYATT, Presiding Justice.   The plaintiffs, who allege themselves to be the owners of property adjoining and near the property of the defendant Greenwood Cemetery, Incorporated, brought a suit to enjoin the construction of a mortuary on the property of Greenwood Cemetery, Incorporated, by the defendants Mion Construction Company for the defendants Fred W. Patterson, Mrs. Claude Patterson Noble, and B. B. Lesesne, doing business as H. M. Patterson & Son.   The petition was brought in three counts.   Count one alleged that the property involved was zoned R-4 and could be used only for residence purposes, and that the special permit issued to Greenwood Cemetery, Incorporated, and the building permit issued in pursuance thereof were void because they were issued under a void ordinance.   Count two alleged that the permit issued

to Greenwood Cemetery, Incorporated, amounted to "spot" zoning, and was for that reason illegal and void. Count three of the petition alleged that the construction and operation of a mortuary at the site proposed amounted to a nuisance, and should be enjoined for that reason. Upon the hearing for interlocutory injunction, the judge of the court below granted an interlocutory injunction on counts one and two, and denied the injunction on count three. Error is assigned in the main bill upon the grant of the injunction on counts one and two, and in the cross-bill of exceptions upon the denial of the injunction on count three. *Held:*

1. The parties in this case raise and argue many questions which, in the view we take of the case, it will not be necessary to decide here. The plaintiffs allege and the defendants admit in their answer that the property of Greenwood Cemetery, Incorporated, here involved, including the proposed site of the mortuary, is dedicated for cemetery purposes. This court in *Arlington Cemetery Corp.* v. *Bindig*, 212 *Ga.* 698, 704 (95 S. E. 2d 378), said: "The general rule is that, when land has been dedicated for cemetery uses, it may not thereafter be appropriated to other purposes, and this rule has been applied and followed by this court. 'When a tract of land has been dedicated as a cemetery, it is perpetually devoted to the burial of the dead and may not be appropriated to any other purpose.' *Haslerig* v. *Watson*, 205 *Ga.* 668, 683 (54 S. E. 2d 413)." See also 10 Am. Jur. 491, § 8: "The owner of the fee is subject to a trust for the benefit of those entitled to use the land as a place of burial. He has no right to recover the use of the land for any enjoyment or purpose of his own. Again, while the owner of a cemetery has a perfect right to sell and convey it as such, he can do nothing which interferes with the use of the land as a cemetery. Such land cannot be conveyed or devised so as to interfere with the use to which it has been devoted. After the dedication of land by a cemetery corporation, the legal title remains in the corporation only for the purpose of conveying the lots for use as a place of burial." See also *Haslerig* v. *Watson*, 205 *Ga.* 668 (9), supra.

From the authorities above referred to, it appears that property when dedicated for cemetery purposes may not thereafter be used for any purpose other than the burial of the dead. In the instant case, all parties admit that the property in ques-

tion has been and remains dedicated for cemetery purposes, that over 10,000 bodies have been buried in the cemetery, and that it continues to be used for that purpose. In these circumstances, under the authorities above cited, it must be held that the property in question can only be used as a place for burying the dead, and any other attempted use is an unlawful attempt to appropriate property dedicated for cemetery purposes to other uses, which cannot be done. It therefore follows that the judgment of the court below enjoining the construction of the mortuary here involved was not error.

2. Under the rulings above made, it becomes unnecessary to pass upon certain questions raised in the main bill of exceptions and the questions raised in the cross-bill of exceptions. Accordingly, the judgment of the court below is

*Affirmed on the main bill of exceptions. The cross-bill is dismissed. All the Justices concur.*

ARGUED FEBRUARY 12, 1957—DECIDED MARCH 11, 1957—
REHEARING DENIED MARCH 25, 1957.

*John S. McClelland, William H. Major,* for plaintiffs in error.
*Smith, Kilpatrick, Cody, Rogers & McClatchey, George B. Haley, Jr., Hoke Smith,* contra.