21188.  ARLINGTON CEMETERY CORPORATION *et al.*
v. HOFFMAN *et al.*

ARGUED MARCH 14, 1961—DECIDED APRIL 6, 1961.

*Candler, Cox, McClain & Andrews, S. Booker Carter, Jr.,* for plaintiffs in error.

*Buchanan, Edenfield & Sizemore, Wm. H. Major,* contra.

ALMAND, Justice.  The orders under review are: (a) those overruling general and special demurrers to a petition seeking injunctive relief, and (b) one granting an interlocutory injunction.

The question at issue is: The right of owners of lots in a cemetery, where the owner of the cemetery property has dedicated all the property within the limits of the cemetery "for interment of human bodies . . . and can be used for no other purpose," to enjoin the cemetery corporation and its lessee from erecting and maintaining on the dedicated property, for profit, a type of crematory known as a calcinator for the reduction of human bodies by a process hastened by application of heat and special treatment of vapors resulting in a smokeless, odorless, no-flame process.

■  The petition and the demurrers:—The plaintiffs alleged that they were owners of grave lots in a cemetery known as Arlington Memorial Park, owned and operated by the defendant, Arlington Cemetery Corporation, wherein all the land contained within the limits of the cemetery was in 1926 dedicated and per-

petually devoted to the burial or interment of human bodies; that the cemetery corporation and the defendant, Arlington Mausoleum, Inc., have entered into a lease agreement with the defendant Shuman, to install, maintain, and operate for pecuniary gain and individual profit a type of crematory known as a calcinator for the reduction of human bodies to ashes, not only for the owners of lots in the cemetery, but for the general public. It was alleged that the cemetery corporation held the real estate in trust for the plaintiffs and other lot owners who are entitled to use the land only as a place of burial, and the cemetery corporation and its lessee have no right to use the property as a crematory or calcinator, and that said lease is an attempt to appropriate the property dedicated for cemetery purposes to a purpose other than the burial of the dead, and is an unlawful interference with the dedicated use, and unless the defendants are restrained from constructing the crematory facility, the plaintiffs will suffer irreparable injury and damage.

(a) The grounds of the general demurrer were (1) the petition failed to set forth a cause of action for equitable relief; (2) the allegations as to injury and damages are vague and indefinite conclusions, and (3) the allegations as to the unlawful intention of the defendants, without alleging what statute, ordinance, or regulation has been violated, are insufficient to put the defendants on notice as to the plaintiffs' contention.

The plaintiffs, as lot owners in the cemetery and beneficiaries of the covenant by the owner not to use the cemetery for purposes other than the burial of human bodies, have the right to challenge the alleged misuse of the property by the grantor and dedicator. The sole question is: "Does the petition show that the construction and operation of a crematory for the reduction of human bodies on the cemetery property amount to a use of the property for cemetery purposes?" There is no statute of this State defining a cemetery. This court in *Haslerig v. Watson,* 205 Ga. 668, 680 (54 S. E. 2d 413) said that a cemetery is a place where human bodies are buried; a graveyard; a place or ground set apart for the burial of the dead; it includes not only lots for depositing the bodies of the dead, but also avenues, walks, and grounds for shrubbery and ornamental purposes, all

consecrated to a public and sacred use. It was there held that, where land has been dedicated as a cemetery, it is perpetually devoted to the burial of the dead and cannot be appropriated to any other purpose. In *Arlington Cemetery Corporation v. Bindig*, 212 Ga. 698 (95 S. E. 2d 378), where the same cemetery property now involved was the subject of litigation, the *Haslerig* case was cited and approved.

In *Greenwood Cemetery v. MacNeill*, 213 Ga. 141 (97 S. E. 2d 121), lot owners adjoining a cemetery sought to enjoin the cemetery corporation from erecting a mortuary on the cemetery property, where a special permit had been issued by the zoning authorities to the cemetery corporation to erect a mortuary. It being admitted that the property had been dedicated for cemetery purposes, this court, after citing the *Haslerig* and the *Arlington* cases, held that the erection of a mortuary on the dedicated cemetery property would be "an unlawful attempt to appropriate property dedicated for cemetery purposes to other uses which cannot be done."

If there is no distinction between a mortuary or an undertaking establishment and a crematory or calcinator, then the ruling in the *Greenwood* case must control adversely to the defendants. A mortuary or undertaking establishment is generally understood as a place for the preparation of human bodies for the purpose of burial, together with the conduct of funeral services prior to burial. 43 Words and Phrases (Perm. ed.), page 112. The petition alleges that the crematory, known as a calcinator, which the defendants propose to operate on the cemetery property, is for the reduction and cremation of dead human bodies to ashes. Such is the preparation of human bodies for burial or interment. The mortuary or undertaker prepares the body for burial in its natural state; the crematory or calcinator prepares the human body for burial or interment after reduction to ashes. The purposes of the two enterprises are the same. The only difference is in the manner of preparation for burial or interment. Under the ruling of *Greenwood Cemetery v. MacNeill*, 213 Ga. 141, supra, we must hold that the use of cemetery property in this case for the purpose of erecting and operating a crematory known as a calcinator is not for the purpose of burial of the dead.

The cited cases from other jurisdictions and the statutory provisions of the several states which hold or define the operation of a crematory as being a cemetery purpose are .without value here in view of our prior decisions cited above.

It is contended that the allegations as to injury and damage are too general and vague to warrant equitable relief or to show why the plaintiffs will be irreparably damaged. This is not a case of trespass as contemplated in *Code* § 55-104, which provides that equity will not interfere to restrain a trespass unless the injury shall be irreparable in damages. Here is alleged a breach by the defendants of a covenant made for the benefit of the plaintiffs, restricting the use of the cemetery property. In such a case it is not essential to the grant of injunctive relief that the plaintiff show actual or special damages resulting from the breach of the covenant. *Phillips v. Blackwell*, 164 Ga. 856 (139 S. E. 547); *Smith v. Pindar Real Estate Co.*, 187 Ga. 229 (200 S. E. 131); *Snow v. Johnston*, 197 Ga. 146 (2), 152 (28 S. E. 2d 270); and 2 High on Injunctions (4th Ed.) §§ 1142, 1158. Compare *Enzor v. Askew*, 191 Ga. 576 (13 S. E. 2d 374); *Graham v. Phinizy*, 204 Ga. 638 (2) (51 S. E. 2d 451) and *White v. Griggs*, 210 Ga. 364 (1) (80 S. E. 2d 163).

In the petition the plaintiffs alleged that the use to which the defendants propose to put the cemetery property dedicated for the burial of the dead "is an unlawful attempt to appropriate property dedicated for cemetery purposes to other uses and purposes." "An unlawful interference with the use to which the cemetery property in question has been dedicated." One ground of the general demurrer was that these allegations as to "unlawful" acts of the defendants, without alleging what statutes or ordinances have been violated, were too vague or general. We do not construe these allegations as charging the defendants with the violation of any positive law, but as violating the lawful rights of the plaintiffs by the defendants misusing the dedicated property. The word "unlawful" does not necessarily mean an illegal or criminal act. This word as used in the pleading involves acts, though not illegal, yet disapproved of by the law. See Black's Law Dictionary (4th Ed.), "Unlawful," and cases cited under the word "Unlawful," 66 C. J. 33, § 1. In the

*Greenwood* case, 213 Ga. 141, supra, we referred to such acts of misuse as being "unlawful."

(b)   The special demurrers:—In the main the special demurrers complain as to insufficiency of the allegations as to irreparable damage and the use of the word "unlawful" as being a mere conclusion.   These contentions have been dealt with above and need no further elaboration.

It was not error to overrule the general and special demurrers.

■   On the hearing of the application for an interlocutory injunction, the stipulated and proven facts fully sustained the allegations of the petition.   The fact that other jurisdictions by statute or zoning regulations had defined the operation of a crematory or calcinator as being a cemetery use neither compelled nor authorized the trial court to hold in accordance with such statutes and zoning regulations.   Nor did the fact that Fulton Superior Court, in a separate proceeding in which the plaintiffs were not parties, had rendered a declaratory judgment that the erection of a calcinator on the defendants' cemetery property came within the purview of a "cemetery or mausoleum" as the term is used in the zoning resolution of Fulton County, affect the right of the plaintiffs to require the defendants to use the property only for the dedicated purposes.   Permits as to use of property by zoning authorities do not abrogate or destroy the rights of persons acquired under covenants as to restrictive use of property, where such restrictions do not violate public law or public policy.   See Snow v. Van Dam, 291 Mass. 477 (197 N. E. 224) ; Abrams v. Shuger, 336 Mich. 59 (57 N. W. 2d 445) ; and Jenney v. Hynes, 282 Mass. 182 (184 N. E. 444).

In the written and oral arguments counsel for the defendants stated their apprehension that the injunction order enjoined them from erecting a mausoleum on the cemetery property.   The petition sought only to restrain the defendants from erecting and maintaining a crematory or calcinator.   Our review and decision is confined to the issue as made by the pleadings and judgment.

The court did not err in granting an interlocutory injunction in the terms set out above.

*Judgment affirmed.   All the Justices concur.*