21845.   CITY OF ATLANTA et al. v. CREST LAWN MEMORIAL PARK CORPORATION.

Submitted November 15, 1962—Decided December 3, 1962.

*J. C. Savage, J. C. Murphy, Martin McFarland,* for plaintiffs in error.
*Hurt, Gaines & Peek, Hurt, Baird & Peek,* contra.

HEAD, Presiding Justice.   The Crest Lawn Memorial Park Corporation brought a petition for declaratory judgment and injunctive relief against the City of Atlanta and Riley F. Elder, as the Municipal Revenue Collector of the city.   It was alleged: The petitioner is a nonprofit cemetery corporation, owning six described tracts of land.   Property owned by the petitioner described as Tract No. 1 has been developed for burial sites, and numerous burials have been made throughout various portions of this tract.   There is situated on this tract an administration building which is used exclusively in connection with the oper-

ation of the cemetery and for the sole purpose of carrying out its corporate function as a cemetery in selling burial sites and mausoleum crypts, opening graves, and burying human remains. Also located on this tract is a maintenance building or tool house in which is housed described equipment used in maintaining and operating the cemetery. The other tracts of land owned by the petitioner have not yet been developed by it, but this property is held for future development for cemetery purposes. The City of Atlanta has assessed all of the petitioner's property for ad valorem taxes for the year 1956. The defendant Elder has levied the tax fi. fa. issued by the city on that portion of the petitioner's property described as Tract No. 1 for the purpose of satisfying the fi. fa. for ad valorem taxes contended to be due for the year 1956. The city has assessed all of the petitioner's property for ad valorem taxes for the year 1957 and has caused a fi. fa. to be issued against it. The defendant Elder has notified the petitioner that unless the taxes claimed by the city are paid, he will levy upon the petitioner's property and sell it for the purpose of satisfying this fi. fa. The petitioner contends that it is not indebted to the city in any amount for taxes since all of its property is owned solely for burial purposes and is specifically exempt from all property taxes under the laws of Georgia.

It was prayed that the court make a declaratory judgment adjudicating that the following property is exempt from the property taxes sought to be imposed by the city: the real property described as Tract No. 1; the real property described as Tracts Nos. 2, 3, 4, 5, and 6; the buildings and other improvements situated on the real property; and the furniture, fixtures, machinery, and equipment used by the petitioner. It was also prayed that the defendants be temporarily restrained and permanently enjoined from levying upon any of the property of the petitioner or proceeding with the sale of any of its property to satisfy any fi. fa. issued for taxes claimed to be due by the city.

The defendants filed a demurrer, which was overruled. The case was tried by the trial judge without the intervention of a jury, and he found that the land described as Tract No. 1, including all buildings located thereon, was exempt from ad va-

lorem taxes for the years 1956 and 1957; and that all other property of the petitioner, both real and personal, was subject to ad valorem taxes for those years. The defendants were permanently enjoined from collecting ad valorem taxes for the years 1956 and 1957 on the property described as Tract No. 1.

The City of Atlanta and Charles L. Mathews filed their motion for new trial on the usual general grounds, which was amended by the addition of several special grounds. The first special ground amended the motion for new trial to show that the defendants were dissatisfied with the verdict and judgment, except that part which held that certain property of the petitioner was subject to taxation. The other special grounds were elaborations of the general grounds.

■ It is suggested by the defendant in error that the jurisdiction of this case may be in the Court of Appeals under the decision in *Suttles v. Hill Crest Cemetery,* 209 Ga. 160 (71 SE2d 217). That case involved a money rule, and no question of equitable jurisdiction was involved. In the present case the petitioner prayed for a permanent injunction, and a permanent injunction was granted by the trial judge. It is therefore a case in equity within the jurisdiction of this court.

■ Under the authority of the Constitution, Art. VII, Sec. I, Par. IV (*Code Ann. Supp.* § 2-5404), the legislature has exempted from taxation "places of . . . burial; . . . provided the property so exempted be not used for the purpose of private or corporate profit and income, . . ." *Code* § 92-201, as amended. Under the allegations of the petition, the petitioner was entitled to an injunction against a levy on that portion of its property used as a place of burial, such property being exempt from taxation. *Tharpe v. Central Ga. Council of Boy Scouts of America,* 185 Ga. 810 (196 SE 762, 116 ALR 373); *Church of God of the Union Assembly v. City of Dalton,* 213 Ga. 76 (97 SE2d 132); *Alford v. Emory University,* 216 Ga. 391 (116 SE2d 596). The trial judge properly refused to dismiss the petition on the demurrer which asserted only that the petition did not state a proper basis for declaratory judgment.

■ The two real issues in the present case are whether the tax exemption of "places of . . . burial" includes undevel-

oped areas in the property of the petitioner described as Tract No. 1, and whether this exemption includes administrative and maintenance buildings located on this tract. The trial judge held that parcels of land acquired by the petitioner for future cemetery purposes, but not yet used for any purpose directly connected with the cemetery, were subject to taxation, and no exception to this judgment is under review.

The property described as Tract No. 1 is all in one tract. It was acquired by the petitioner from a predecessor cemetery corporation, Crest Lawn Memorial Park, Inc., and at the time of its acquisition numerous burials had been made on the tract. One of the petitioner's exhibits appearing in the record is a copy of a trust agreement dated August 2, 1940, between Crest Lawn Memorial Park, Inc., and the Fulton National Bank of Atlanta, providing for perpetual care and maintenance of the lots and graves in the Crest Lawn Memorial Park Cemetery.

Mr. Gilbert O. Johnson, who was manager of the petitioner in 1956 and 1957, testified that there had been burials in the cemetery prior to 1900. This witness testified that all of the property identified as Tract No. 1 was held for cemetery use, but that some parts of the tract contained ravines and steep hills which were not suitable for burials, and could never be used for any purpose except for the beautification of the cemetery. This witness pointed out on a map a hill with an estimated area of from two to four acres which was believed to have historical value since it was the site of one of the last points of defense under General Joe Johnson in the Battle of Atlanta, and retains evidences of the battle, such as shells, trenches, and fortifications; and he stated that the petitioner had hoped to save the area as a historical spot.

It is contended in the special grounds of the motion for new trial, and in the brief of the plaintiffs in error, that the undeveloped areas of Tract No. 1 are subject to taxation, and it is particularly urged that the undeveloped area of historical interest is not to be used for burial purposes and should not be exempt from taxation.

In his "Elegy Written in a Country Church-Yard" Thomas

Gray wrote movingly of man's ultimate destination in this world:

"The boast of heraldry, the pomp of power,
And all that beauty, all that wealth e'er gave,
Await alike the inevitable hour:
The paths of glory lead but to the grave."

Our civilization has respect for the burying-places of its dead, and one way that this respect is shown is by the exemption of burial places from taxation. "One reason perhaps why cemeteries are exempt from taxation is the difficulty of collecting a tax thereon and the obvious impropriety of selling the graves of the dead in order to pay the expenses of carrying on the government of the living." 26 R.C.L. 325, § 284.

In Mountain View Cemetery Co. v. Massey, 109 W. Va. 473, 476 (155 SE 547), it was said: "Recurring now to the suggestion that only the portions of a cemetery property which have been actually sold should be exempt from taxation, it will be observed that such construction of the statute might easily result in gross hardship in its operation. Portions assessed for taxation for a given year might very well be sold within a short time after assessment and actually put in use for burial purposes. If the tax were not paid, these very lots with dead bodies therein would be subject to sale to satisfy the tax. . . It is not the policy of a great commonwealth to be parsimonious in its dealings with its people, and least of all where the tender sentiments attending the place of sepulchre of their dead is involved. The State should eschew and scorn a policy that will even carry the possibility of harrassment of bereaved survivors with reference to the last resting place of departed loved ones, or that might disturb the repose of the dead."

In *Haslerig v. Watson*, 205 Ga. 668, 680 (54 SE2d 413), this court quoted with approval the following excerpts from 6 Words and Phrases (Perm. ed.), pages 407, 408, dealing with the word "cemetery": "A 'cemetery' is defined as a place where human bodies are buried; a graveyard. Actual interment and inclosure of land for use as cemetery constituted dedication as cemetery of all land so set apart, whether occupied by graves or not. Smallwood v. Midfield Oil Co., Tex. Civ. App., 89 S. W. 2d 1086,

1090." "A cemetery includes not only lots for depositing the bodies of the dead, but also avenues, walks, and grounds for shrubbery and ornamental purposes. All must be regarded as consecrated to a public and sacred use. Evergreen Cemetery Assn. v. City of New Haven, 43 Conn. 234, 243, 21 Am. Rep. 643." In *Haslerig v. Watson,* supra, this court also quoted with approval from 10 Am. Jur. 491, § 8, as follows: "When a tract of land has been dedicated as a cemetery, it is perpetually devoted to the burial of the dead and may not be appropriated to any other purpose." See also *Arlington Cemetery Corp. v. Bindig,* 212 Ga. 698, 704 (95 SE2d 378); *Greenwood Cemetery, Inc. v. MacNeill,* 213 Ga. 141 (97 SE2d 121); *Arlington Cemetery Corp. v. Hoffman,* 216 Ga. 735 (119 SE2d 696).

The trial judge was authorized to find from the evidence that the petitioner is a nonprofit cemetery corporation, and that the property designated as Tract No. 1 had been dedicated to burial purposes by the numerous burials therein. The evidence indicated that the number of burials was increasing each year, and that the undeveloped area of this tract was not disproportionate to the future needs of the area from which the burials are made (mainly Fulton, DeKalb, and Cobb Counties). Since the tract is dedicated to burial purposes, it may not thereafter be appropriated to other purposes. There is nothing in the present record to show that any use has been made of this tract inconsistent with the dedication to burial purposes. The preservation of a historical site in a tract of land dedicated to burial purposes would not change its character as a place of burial. The trial judge did not err in holding that the undeveloped portion of Tract No. 1 is exempt from taxation. Compare *Suttles v. Hill Crest Cemetery Inc.,* 87 Ga. App. 343, 348 (73 SE2d 760).

■ It appears from the evidence that a new administration building was being built on Tract No. 1 during the years 1956 and 1957, and that a tool shed and house where the custodian lived were on the property. Mr. Johnson, the manager of the petitioner at that time, testified that the administration building was necessary to the operation of the cemetery, that it was used to house the sales department, and for the keeping of

records of the owners of grave lots, interments, transfers, markers, and memorials; and that the tool house was necessary to house the tools and equipment needed for the maintenance of the cemetery.

In 84 CJS 601, Taxation, § 292 (3-d), it is stated: "The exemption accorded to cemetery lands may extend to all property used or held exclusively for the burial of the dead or for the care, maintenance, or upkeep of such property, and ordinarily applies to a columbarium, a crematory, a mausoleum, or unsold lots, crypts, or niches, and covers permanent improvements placed on the land and necessary to its use as a burying ground."

In cases where an injunction was sought against the construction of a mortuary and a crematory on property dedicated as a cemetery, our court has held that such structures are not for the purpose of the burial of the dead. *Greenwood Cemetery, Inc. v. MacNeill,* 213 Ga. 141, supra; *Arlington Cemetery Corp. v. Hoffman,* 216 Ga. 735, supra. However, there is a distinction between these structures, in which bodies are prepared for burial, and buildings necessary for the administration of the cemetery and the maintenance of the burying grounds. The trial judge did not err in holding that the buildings on Tract No. 1 are exempt from taxation.

*Judgment affirmed. All the Justices concur.*