## 29581. ADAMS et al. v. DAWN MEMORIAL PARK et al.

HALL, Justice.

This is an appeal by the Tax Commissioner and other nominal defendants from the grant to plaintiffs of summary judgment in this injunction suit. Plaintiffs are

the stockholders and the operating corporation in an unsuccessful cemetery venture. Most of the land which was to form the cemetery has now been sold for other commercial purposes, and the commissioner has issued notices of levy and tax execution to recover real property taxes on the land for the years 1964 through 1970. He argues that the tax exemption for cemetery land[1] was erroneously granted for those years because it is now apparent that plaintiffs did not in good faith hold the land for cemetery uses, as required by Georgia law. See *Suttles v. Hill Crest Cemetery,* 87 Ga. App. 343, 348 (73 SE2d 760).

In the trial court, in support of their summary judgment motion, plaintiffs submitted the affidavit of Ralph B. Garrett, an officer, director, and 50 percent owner of the project, which detailed the events from 1959 through 1971. The affidavit showed extensive efforts in the area of design, landscaping, building and sales promotion, including the services of five different sales organizations, in an effort to make a success of the project, but recited disappointing sales figures, large operating losses, and a final decision to sell. The commissioner filed nothing in response to the motion, though his position was argued at the hearing. The trial court ruled for plaintiffs and enjoined the collection of the disputed taxes.

Here, in support of his argument that plaintiffs' motion was erroneously granted, the commissioner urges that a material question of fact in the case is created by the very figures in the affidavit, which raise the question whether plaintiffs actually held the land in good faith for cemetery purposes considering the size of the acreage held. Though the commissioner cites here the *Suttles* language (87 Ga. App. 348), that "the acreage set aside or reserved for future use must not be disproportionate in extent to the population of the community to be served and the reasonable expectation of the service to be rendered," there is nothing in the record which indicates that the commissioner at any time raised in the superior court a question concerning whether, at the beginning of

---

[1]See Code Ann. §§ 2-5404, 92-201.

what was to be the cemetery project, it was per se unreasonable to plan for 80 acres; nor does he directly make such an argument here. Rather, his argument, upon examination, is seen to be based solely upon the fact that the slowness with which the spaces were sold would require centuries to fill the acreage. "It would take approximately 300 years to sell all the grave spaces in the cemetery if sales continued at the same rate as between 1960 and 1970." But this does not create an issue of fact as to plaintiffs' good faith in initially planning for 80 acres; this merely shows that the venture was unsuccessful — the very reason for which it was decided to abandon the cemetery venture and sell the land for other uses.

After plaintiffs submitted their comprehensive affidavit which we rule adequate to make a prima facie showing of good faith, the commissioner chose not to respond, and thus made no viable issue on the reasonableness of the 80 acres. No other issues of fact appearing,[2] he properly suffered summary judgment: "In this case [the one against whom summary judgment is sought] had his choice of producing counterproof and thus make an issue of fact, or do nothing, that is, create no issue of fact and suffer judgment. His contrary allegations, even though the petition is verified . . . do not make an issue of

---

[2]The commissioner argues from *Haslerig v. Watson,* 205 Ga. 668, 683 (54 SE2d 413) that there is a fact question whether this property was actually dedicated as a cemetery, because it is now being used for other purposes which are claimed to be prohibited by *Haslerig* if dedication had occurred. We find no merit in this argument because, unlike the facts here, *Haslerig* involved the dedication of land to free use as a public burial ground, by long acquiescence by the owners. Neither *City of Atlanta v. Crest Lawn Memorial Park Corp.,* 218 Ga. 497, 502 (128 SE2d 722), nor *Floral Hills Memory Gardens v. Robb,* 227 Ga. 470 (181 SE2d 373) conflicts with our conclusion. We know of no provision of law which requires any form of "dedication" in the *Haslerig* sense to invoke tax-exempt status for a place of burial.

fact as shown by the evidence which is what the [summary judgment] Act means." *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 304 (138 SE2d 580).

*Judgment affirmed. All the Justices concur.*

Argued January 21, 1975 — Decided April 8, 1975.

*Wendell K. Willard,* for appellants.

*Hansell, Post, Brandon & Dorsey, Richard M. Kirby, Gary W. Hatch, Gerstein, Carter & Chesnut, Edward E. Carter,* for appellees.