42678. MELWOOD, INC. et al. v. DeKALB COUNTY.
(336 SE2d 571)

WELTNER, Justice.

Melwood, Inc. owns a tract of land in DeKalb County. One distinct parcel of this land is a cemetery. The other distinct parcel is undeveloped land which never has been subdivided for burial plots. No part of the second parcel has been sold or offered for sale as a cemetery lot, and no burial has taken place on the second parcel. Each parcel has separate means of ingress and egress.

Melwood, Inc. wishes to sell the undeveloped parcel for an apartment site. This action was filed to resolve certain issues which might becloud such a use. While the procedural history of this litigation is complex, there now remains but one substantive issue: whether DeKalb County may assess ad valorem property taxes upon the apartment site parcel for the past seven years.

1. Melwood, Inc. contends that mere ownership of the second parcel by a cemetery corporation was not effective to constitute its dedication for cemetery uses under OCGA § 44-5-230. Such a dedication, of course, would preclude use of the second parcel for apartment development. *Greenwood Cemetery, Inc. v. MacNeill*, 213 Ga. 141 (1) (97 SE2d 121) (1957). It insists, also, that it has done nothing to create such a dedication. DeKalb County contests none of this. The trial court declined to decide the issue, finding a want of adversity of interest between Melwood, Inc. and DeKalb County, as the only interest of DeKalb County was the collection of ad valorem taxes. OCGA § 9-4-2.

2. If mere ownership of land by a cemetery corporation constitutes dedication of land pursuant to OCGA § 44-5-230, or if Melwood's use of a portion of the entire tract for a cemetery is a dedication of the *entire* tract for cemetery uses under the code section, it necessarily follows that the entire tract (i.e., both parcels) is exempt from ad valorem taxation. Art. VII, Sec. II, Par. IV, Constitution of Georgia of 1983; OCGA § 48-5-41 (a) (2); *City of Atlanta v. Crest Lawn Memorial Park Corp.*, 218 Ga. 497 (128 SE2d 722) (1962). But the tax exemption may extend to lands actually *used* for the burial of human remains, albeit there has been no "dedication to the public" in the sense of our decision in *Haslerig v. Watson*, 205 Ga. 668 (54 SE2d 413) (1949). *Adams v. Dawn Memorial Park*, 234 Ga. 105, 107, fn. 2 (214 SE2d 542) (1975). The trial court should have decided the dedication issue.

3. We decline to hold that mere *ownership* of a parcel of land by a cemetery corporation constitutes a dedication of that parcel for cemetery purposes under OCGA § 44-5-230. Were that the case, the acquisition by a cemetery corporation of an office building would constitute *ipso facto* its dedication for cemetery purposes and, equally, would remove that property from the tax digest. Manifestly, that cannot be.

4. Further, the record reflects no actions on the part of Melwood, Inc. which would give rise to a dedication of the unused parcel for cemetery purposes. *Arlington Cemetery Corp. v. Bindig*, 212 Ga. 698 (95 SE2d 378) (1956).

5. There being no dedication or use of the parcel in question for cemetery purposes, it is not restricted to cemetery use. Nor is it exempt from any otherwise-applicable burden of taxation. Indeed, it has

never been exempt.
*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 27, 1985.

*Dillard, Greer, Westmoreland & Wilson, George P. Dillard, G. Douglas Dillard,* for appellants.
*A. Sidney Johnson,* for appellee.