398 S.E.2d 165

**In re NORTHVIEW SERVICES, INC., etc.**

**No. 19511.**

Supreme Court of Appeals of West Virginia.

Oct. 18, 1990.

Roger W. Tompkins, Atty. Gen., James J. Alex, Asst. Atty. Gen., Tax and Revenue Div., Charleston, for Charles O. Lorensen, State Tax Com'r.

Robert H. Skeen, Jr., Brown and Peyton, Charleston, James H. McCauley, McCauley, Webster and Emrick, Belpre, Ohio, for Northview Services, Inc.

NEELY, Chief Justice:

The question in this case is whether a commercial structure owned by and located on the grounds of a cemetery is exempt from West Virginia *ad valorem* taxation by virtue of *W. Va. Code*, 11–3–9 [1987]. On 12 August 1988, the Assessor of Wetzel County requested from the State Tax Commissioner a ruling on the tax status of a commercial structure owned and operated by taxpayer, Northview Services, Inc. On 8 December 1988, the Commissioner issued Property Tax Ruling 88–1T, determining that the property is not tax-exempt. On 4 January 1989, taxpayer filed an application with the Circuit Court of Wetzel County for relief from the Commissioner's ruling. On 23 March 1989, the Circuit Court of Wetzel County held the *ad valorem* tax on the structure owned by Northview Services, Inc. to be erroneous. The State Tax Commissioner appealed the lower court's decision here.

Taxpayer operates Northview Cemetery for profit. Its president has stated that taxpayer's purpose is to "generally engage in the business of operating a cemetery, burying people, and providing goods, materials and services to cemeteries, funeral homes, mortuaries, burial societies or associations, institutions, government agencies and individuals." The taxpayer's president has stated that the building at issue is, among other things, "where burial lots are selected and recorded, where paperwork is signed, where vaults, markers and monuments are displayed and sold, and where the general business of the cemetery is conducted." Whether this building is exempt from our *ad valorem* property tax is the only issue in this case.

*W. Va. Const.* Art. X, § 1, states the general principle that all property, real and personal, will be taxed equally according to its value. However, Art. X, § 1 also provides that "... property used for educational, literary, scientific, religious or charitable purposes, all cemeteries, public property ... may by law be exempted from taxation." *W. Va. Code*, 11–3–9 [1987] is the statutory provision making "cemeteries" exempt from *ad valorem* taxes. The same provision grants other exemptions as well, mainly to religious, educational, and otherwise charitable institutions.

As the Tax Commissioner points out in his discussion of the history of the cemetery exemption, the cemetery exemption serves the important purpose of protecting the dead and bereaved from taxation by the living. Of course, this concern goes to all graves, no matter what kind of entity has provided them to their ultimate users. In *Mountain View Cemetery Co. v. Massey*, 109 W.Va. 473, 155 S.E. 547 (1930), quoting from 26 R.C.L., Taxation, § 284, this Court said:

"Cemeteries are usually exempted from taxation without regard to the ownership of the cemetery or the question whether the right of burial is limited to a particular class, or whether burial lots are sold to individuals for the use of their families for pecuniary consideration. One reason perhaps why cemeteries are exempt from taxation is the difficulty of collecting and tax thereon and the obvious impropriety of selling the graves of the dead in order

to pay the expenses of the living. The exemption is not, however, limited to the burial of the dead, but includes whatever is essential for the use of the cemetery as such, including paths, ornamentation, and land within the cemetery limits acquired for but not yet actually used for the burial of the dead."

*Id.* 109 W.Va. at 477, 155 S.E. at 549.

■ The above passage provides a useful definition of the word "cemetery" for the purposes of tax exemption, stating that whatever is *essential* to a cemetery *as such*, is tax exempt.

In *In re Hillcrest Memorial Gardens, Inc.*, 146 W.Va. 337, 119 S.E.2d 753 (1961), this Court applied a similar definition. Syllabus Point 3 says:

A cemetery is a place where dead bodies of human beings are buried; an area of ground set apart for the burial of the dead, either by public authority or private enterprise. It includes not only lots for depositing the bodies of the dead, but also such avenues, walks and grounds as may be *necessary* for its use, or for shrubbery and ornamental purposes. (emphasis added)

■ In *Hillcrest*, this Court also restated the rule that constitutional and statutory provisions exempting property from taxation are to be strictly construed, that the taxpayer must show that his property clearly falls within the terms of the exemption, and that doubt must be resolved against the taxpayer claiming the exemption. *Hillcrest*, Syl. Pt. 2.

■ This Court in *Hillcrest* noted that, "apparently by universal acceptation, the word 'cemetery' denotes real estate only as distinguished from personal property". *Id.* 146 W.Va. at 344, 119 S.E.2d at 757. The Court therefore held that the cemetery exemption does not apply to personal property, in that case consisting of, "office furniture and equipment used for corporate purposes; money of the corporation on hand or on deposit in a bank; or notes and accounts receivable representing the proceeds of the sale of burial lots in such cemetery." Syl. Pt. 4.

■ In the *amicus curiae* brief filed by the West Virginia Cemetery Association, the Association, seeking to persuade this Court to give a liberal construction to the cemetery exemption, presents us with a Georgia case with facts similar to the case at bar, where the Supreme Court of Georgia held the building in question, similar to the one covered by taxpayer here, to be covered by Georgia's cemetery exemption. *City of Atlanta v. Crest Lawn Memorial Park Corp.*, 218 Ga. 497, 128 S.E.2d 722 (1962). What the Association failed to point out, however, was that Georgia's cemetery exemption applies only to non-profit cemeteries. *Ga.Code*, 48–5–41(c) [1990]. It is not surprising that the Georgia Court, and other courts in similar cases, have so liberally construed an exemption that applies only to non-profit organizations that would otherwise be exempt from taxation anyway.

Under the rule of strict construction of tax exemptions, we cannot be so generous. The cemetery exemption was not intended for the benefit of cemetery developers, but for the dead and the bereaved. We cannot extend the definition of "cemetery" to include a commercial structure. A commercial and administrative building located on cemetery grounds, however convenient for the cemetery operators, its commercial customers, and visitors to the cemetery, is not necessary or essential to a cemetery, as such.

The building involved in the case before us does not fall within the meaning of "cemetery", for the purposes of construing, *W.Va.Code*, 11–3–9 [1987] and is therefore not exempt from *ad valorem* taxation. Accordingly, the decision of the Circuit Court of Wetzel County is reversed.

Reversed.