Dr. Ramon Powers Executive Director Kansas State Historical Society 120 W. 10th Street Topeka, Kansas 66612
Dear Dr. Powers:
As executive director of the Kansas state historical society, you request our opinion regarding the meaning of the term "unmarked burial site" as defined by the unmarked burial sites preservation act, K.S.A. 75-2741 et seq. Specifically, you inquire whether unmarked graves located in an area known to have once been a cemetery are within the statutory responsibilities of the unmarked burial sites preservation board, which is attached to the state historical society for administrative purposes.
You inform us that you have been contacted by various local officials and individuals who have asked the historical society to take responsibility for unmarked graves in what you believe are known but abandoned cemeteries. Most recently, Ellis county officials have suggested that the state historical society has statutory responsibility over human remains buried in the old Boot Hill cemetery located in the city of Hays. Research by local officials indicates that the old cemetery contains as many as sixty bodies in unmarked graves. The area is presently in use as a city park. It is your position that the unmarked burial sites preservation act does not apply to the old Boot Hill cemetery because it is a known cemetery, notwithstanding the fact that all grave markers have long since been removed.
As you know, the unmarked burial sites preservation act was enacted in 1989 to supplement numerous other Kansas statutes which generally provided only for the protection of human remains buried in cemeteries or marked graves. See K.S.A. 75-2742 (legislative findings and purpose of act); Attorney General Opinion No. 88-73, at 6, 9; Minutes, House Committee on Federal and State Affairs, February 22, 1989; Minutes, Senate Committee on Judiciary, March 29, 1989. Unless a person holds a permit issued by the unmarked burial sites preservation board, the act generally makes it a criminal offense to willfully disturb an unmarked burial site, knowingly possess human skeletal remains from an unmarked burial site, or display or dispose of remains known to have been taken from an unmarked burial site. K.S.A. 75-2748. One who knows or has reason to know of a violation of K.S.A. 75-2748 must notify the appropriate law enforcement agency, and failure to do so is a misdemeanor. See K.S.A. 1994 Supp. 75-2749(a), (c).
The act also directs the unmarked burial sites preservation board to establish and maintain a registry of unmarked burial sites in Kansas, provide consultation in the event of potential or actual disturbance of unmarked burial sites, and adopt rules and regulations to administer and enforce the act. K.S.A. 75-2745; K.S.A. 75-2746; K.S.A. 75-2747(g). We note that the board has not exercised its authority under the act to adopt rules and regulations.
In addition to the regulatory responsibilities specifically delegated to the unmarked burial sites preservation board, the act also gives the state historical society jurisdiction under certain circumstances over "human skeletal remains" and any goods interred with such human remains. K.S.A. 1994 Supp. 75-2749(c). The statutory authority of the state historical society with regard to human skeletal remains is distinct from the responsibilities assigned to the board and is not confined to remains from unmarked burial sites. See id.; see also K.S.A. 75-2743(e) (defining "society action" with regard to human skeletal remains).
Because it contains criminal penalties, the act is regarded as a penal statute, and we are therefore required to strictly construe its language. General Foods Corp. v. Priddle, 569 F. Supp. 1378,1382 (D.Kan. 1983); see State v. Roudybush, 235 Kan. 834, 842
(1984). The rule of strict construction of penal statutes means that while statutory terms are to be given their ordinary meaning, any reasonable doubt as to the proper interpretation should be resolved in favor of anyone subject to the criminal statute.State v. Donlay, 253 Kan. 132, 134 (1993).
The act defines "unmarked burial site" to mean "any interment by whatever means of human skeletal remains, other than a burial sitein a cemetery otherwise protected by Kansas statute." K.S.A.75-2743(f) (emphasis added). The term "human skeletal remains" is defined as "any part of the body of a deceased human being, in any stage of decomposition." K.S.A. 75-2743(c). Therefore, human remains buried with or without grave markers in cemeteries otherwise subject to statutory protection are specifically excluded from the definition of "unmarked burial site" and are consequently outside the scope of the act. Application of the rule of strict construction in this instance requires us to narrowly construe the term "unmarked burial site," which in turn requires us to broadly construe the language carving out an exclusion for burial sites in cemeteries otherwise protected by Kansas statutes.
The well-documented legislative history of the act reveals that its purpose was to extend the scope of statutory protection for burial sites to ensure protection for human remains buried in locations not within the commonly understood meaning of the term "cemetery," particularly ancient burial grounds of native American Indians. See Attorney General Opinion No. 88-73, at 6, 9 (effect of proposed legislation to ensure state protection of all human skeletal remains, not just those in marked graves or buried in recognized cemeteries; human remains buried in known cemeteries or under markers are already protected by criminal statutes). Seegenerally Minutes, House Committee on Federal and State Affairs, February 22, 1989, and attachments. In order to understand the intended scope of the act, we must therefore determine the meaning of the term "cemetery" as well as the scope of statutory protection for cemeteries.
The Kansas Supreme Court has defined the term "cemetery" as "a place or area of ground set apart for the burial of the dead."
See State ex rel. Stephan v. Lane, 228 Kan. 379, 386 (1980); Cityof Wichita v. Schwertner, 130 Kan. 397, 400 (1930). No particular formalities are necessary in order to set apart or dedicate a parcel of land for cemetery purposes. See Hayes v. Houke,45 Kan. 466, 468 (1891) (owners dedicated adjoining acre as part of existing graveyard when they had it surveyed and staked out, and they permitted the public to use it for burial purposes); Hagamanv. Dittmar, 24 Kan. 42, 44 (1880) (where parties intend a dedication for burial purposes and take steps to carry that intention into effect, very slight testimony will sustain finding that such dedication was in fact made); see also Tracy v. Bittle,213 Mo. 302, 112 S.W. 45, 47-48 (1908); Damon v. State, 52 S.W.2d 368, 370 (Tx.Civ.App. 1932).
More recently, the legislature has defined the term for purposes of a statute addressing the responsibility of municipalities for maintaining the character of cemeteries within their control. Enacted in 1977, K.S.A. 12-1441 specifically applies to cities and counties that have assumed control of any cemetery or burial grounds, which are defined for purposes of that statute as "parcels of land set aside and used for the interment of human bodies." K.S.A. 12-1441(b) (emphasis added). We note that unlike the statutory definition, the common law definition does not require actual use of the parcel for burial purposes in order to qualify as a cemetery. See Percival E. Jackson, The Law ofCadavers and of Burial and Burial Places 186 (2d ed. 1950) (cemetery may be created without actual interment by setting necessary ground apart for burial). For purposes of the unmarked burial sites preservation act, however, a parcel not actually used for burial of human remains could not qualify as an "unmarked burial site," and hence the distinction between the common law and statutory definitions is irrelevant for purposes of resolving your question.
Under the statute, the absence of any visible grave markings is irrelevant to the question of whether a parcel of land qualifies as a cemetery or burial grounds.
 "The fact that any tract of land has been set apart for burial purposes and that a part or all of such tract has been used for burial purposes shall be evidence
that such grounds were set aside and used for burial purposes regardless of whether graves are visible on any part of the grounds." K.S.A. 12-1441(b). (Emphasis added).
Consistent with the terminology used in the statute, the term "cemetery" may be used interchangeably with the words "graveyard," "burial ground," or "place of burial," and it includes not only the ground where interments are made but also the roads, paths, and appurtenant grounds used for ornamentation in connection with burial sites. Percival E. Jackson, supra, at 185-86, 187; Arlington Cemetery Corp. v. Hoffman, 216 Ga. 735,119 S.E.2d 696, 698 (1961); see Gray v. Craig, 103 Kan. 100, 101
(1918) ("graveyard" for purposes of tax exemption statute defined as a place for burial of the dead). As defined by one authority,
 "[a] cemetery is a plot of land set apart for the burial of the dead; and is created by the act which sets it apart, marking and distinguishing it from the adjoining land, with some avowal or act showing that it is intended for the purposes of burial." Sidney Perley, Mortuary Law 117 (1896) (citing Concordia Cemetery Ass'n v. Minnesota Northwestern R.R. Co., 121 Ill. 199, 211, 12 N.E. 536 (1887)).
See also Percival E. Jackson, supra, at 186. Whether a particular parcel of land qualifies as a "cemetery" is a question of fact to be determined from the particular circumstances.Damon v. State, 52 S.W.2d 368, 370 (Tex.Civ.App. 1932). While the absence of visible grave markings is one factor to be considered, it is certainly not conclusive, particularly once it is determined that part or all of the parcel of land in question has actually been used for burial purposes. See id. (actual use for burial is sufficient to dedicate tract of land for cemetery purposes).
Once established, a cemetery retains its character as such even after burials have been discontinued or the cemetery has been abandoned. See State ex rel. Stephan v. Lane, 228 Kan. at 393;see also Damon v. State, 52 S.W.2d at 370; Percival E. Jackson, at 396; Sidney Perley, supra, at 199; A.L.H. Street, AmericanCemetery Law 163-66 (1923). Only if the remains buried in the cemetery are lawfully disinterred and relocated does a cemetery cease to exist as such. Id., see Percival E. Jackson, supra, at 187, 400-02; see also Tracy v. Bittle, 112 S.W. at 49 (cemetery retains its character after discontinuation of burials, unless human remains are disinterred); Kansas City v. Scarritt,169 Mo. 471, 69 S.W. 283 (1902) (same); Campbell v. City of Kansas,102 Mo. 326, 13 S.W. 897, 902-03 (1890) (1857 city ordinance prohibited future interments and vacated the ground for graveyard purposes, and city took steps to ensure removal of most but not all remains; subsequent conversion of parcel to city park resulted in reversion of parcel to successors of original owners since jury determined it was abandoned and no longer used as cemetery); Sidney Perley, supra, at 202 (cemetery may be abolished by prohibiting future interments and removing remains to other cemeteries); 14 C.J.S. Cemeteries sec. 20 (1991).
You inform us that Hays city officials claim that the burial area in question is not a cemetery because it was never legally platted. The statutes authorizing cemetery corporations to convey cemetery lots require them to first survey and plat lands into burial lots and record the plat with the register of deeds of the county where the burial lots are located. See K.S.A. 17-1302,17-1308. We think the recording of a plat pursuant to the statute is compelling evidence that the parcel qualifies as a cemetery.See Campbell v. City of Kansas, 13 S.W. at 898. However, the mere fact that a plat has never been recorded does not as a matter of law preclude a parcel of land from otherwise qualifying as a "cemetery" under either the statutory or the common law definition of the term. See Hayes v. Houke, 45 Kan. 466, 468 (1891) (acre of land held to have been dedicated for cemetery purposes even though plat was never recorded); City of Wichita v. Schwertner,130 Kan. 397, 398-401 (1930) (tract of land adjoining a platted cemetery was neither platted nor used for burial purposes at the time condemnation was initiated; since tract was "owned for cemetery use" prior to enactment of zoning ordinance purporting to bar its use as a cemetery, ordinance was held void as applied to the subject property).
We think the factual determination whether a particular burial site qualifies for protection under the unmarked burial sites preservation act properly rests in the first instance with the board, which is charged with administering the act. See K.S.A.75-2745; K.S.A. 75-2746 (duty to establish registry of unmarked burial sites). We note that the board's membership includes the state archeologist, a physical anthropologist, and an historian, and the board therefore has the benefit of considerable professional expertise in making its determination. See K.S.A.75-2744. The board has the authority to issue rules and regulations to set forth the specific criteria for qualification as an "unmarked burial site." See K.S.A. 75-2745(e).
In addition to your general question, you specifically seek guidance with regard to the application of the act to abandoned cemeteries. We note that abandoned cemeteries are protected by a number of Kansas statutes to ensure their continued care and maintenance. See, e.g., K.S.A. 17-1366 et seq.; K.S.A. 19-3106; K.S.A. 19-3107; K.S.A. 80-916. Whether or not a particular cemetery is "abandoned" is a factual matter. See State ex rel.Stephan v. Lane, 228 Kan. at 390, 391; Campbell v. City of Kansas,13 S.W. at 901. However, the fact that a particular cemetery qualifies as an "abandoned cemetery" does not exclude it from the general definition of "cemetery" as used in the act, as long as human remains continue to be interred there. Since a variety of Kansas statutes provide for the continued maintenance and preservation of abandoned cemeteries, in our opinion they are excluded from the definition of "unmarked burial site" as a matter of law.
You do not advise us whether the old Boot Hill cemetery in Hays has been judicially declared an abandoned cemetery. See State exrel. Stephan v. Lane, 228 Kan. at 390 (trial court determines factual allegations of attorney general that an abandoned cemetery exists); see also K.S.A. 17-1367. Whether abandoned or not, however, as long as the area in question qualifies as a "cemetery" the burial sites located there that contain human skeletal remains would not be within the definition of "unmarked burial site" as that term is defined in the act.
In summary, a cemetery is a parcel of land that has been set apart for the burial of the dead. Once established, a cemetery retains its character as such even after burials have been discontinued, as long as human remains are interred there. Burial sites in abandoned cemeteries are protected by other Kansas statutes and are therefore excluded from the definition of "unmarked burial site" as a matter of law. Whether or not a particular burial site is located in a cemetery is a question of fact. The responsibility for determining whether a specific burial site is an "unmarked burial site" as defined in the unmarked burial sites preservation act rests in the first instance with the unmarked burial sites preservation board, which is charged with administering the act.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 J. Lyn Entrikin Goering Assistant Attorney General
CJS:JLM:LEG:jm